MARY C. BANIGAN *vs.* JOHN J. BANIGAN.

PROVIDENCE—NOVEMBER 3, 1904.

PRESENT: Tillinghast, Douglas, and Blodgett, JJ.

(1)    *Quorum of Appellate Division.    Single Justice.    Jurisdiction.*

A single justice of the Supreme Court, assigned to the Appellate Division, is a quorum for the trial of all petitions for divorce, whether contested or uncontested; and all incidental questions arising in connection with the trial of such cases are within the jurisdiction and subject to the final decision of such justice, without authority in the Appellate Division either to reverse or review his finding.

(2)    *Evidence.    Confidential Communications.    Privileged Communications  Physicians.*

*Semble,* that a confidential communication to a physician is not privileged so

as to protect the physician from divulging it when called upon to do so as a witness.

PETITION FOR DIVORCE.  Heard on petition of respondent for new trial of a question passed on by a single justice on reference by a master.  Petition dismissed.

TILLINGHAST, J.  The above entitled case is a petition for divorce, and it has been brought before us upon the respondent's petition for a new trial of a question which has been passed upon and decided by Mr. Justice Dubois, sitting as a single justice in a matter pertaining to the taking of depositions to be used in the trial of the case upon its merits.

(1)     The facts in brief are these:  Samuel S. Durfee, Esq., one of the standing masters in chancery of this court, was proceeding in due form to take the deposition of Dr. Fenner H. Peckham, a practicing physician of this city, who had treated the defendant professionally, to be used in the trial of said case, and, upon the objection of said witness to answer a certain question which was put to him by counsel for the plaintiff, as to what disease he had treated the defendant for, the master decided that the witness should testify.  Thereupon the witness, suggesting that the question as to whether he should be compelled to testify was one of much importance and should be decided by the court, the master suspended the proceeding and filed a petition before Mr. Justice Dubois praying for instruction and advice as to whether the witness was privileged to refuse to testify as requested by counsel for the petitioner.

Upon hearing and considering that petition said justice formally advised the master that the witness was not privileged to refuse to testify as requested by counsel for the petitioner, communications to physicians not being privileged in this State, and, hence, that the witness should be required to answer the question.                                       •

To this ruling the respondent excepted, and now petitions for a new trial of that question.

Under Pub. Laws R. I. cap. 649, any one justice of the supreme court assigned to the Appellate Division is a quorum

for the trial of all petitions for divorce whether contested or uncontested. And, this being so, all incidental questions arising in connection with the trial of such cases are within the jurisdiction and subject to the final decision of such justice.

The petition by the master for instruction and advice above referred to was therefore clearly within the jurisdiction of Mr. Justice Dubois, and, he having passed thereon, there is no authority in this court either to reverse or review his finding.

As was held by this court in *First National Bank of Hopkinton* v. *Greene, Exr.*, 23 R. I. 238, the decision of one justice in matters in which he constitutes a quorum of the Appellate Division is as conclusive of the case as is the decision of three justices in matters in which the larger quorum is required, unless, as in the case of jury trials waived, a petition for new trial is given by the statute. See also *White* v. *White*, 22 R. I. 602.

Pub. Laws R. I. cap. 451, § 3, give to a single justice before whom any matter is brought the privilege of reserving it for hearing before three justices of such Division, if in his judgment the gravity of the matter demands that it should be thus heard, and this was recently done in the divorce case of *Leckney* v. *Leckney*; but it is not obligatory upon him to do so. And in the case before us we may say, in passing, that there was obviously no reason for the justice who heard the matter in question to refer it to the larger quorum, since the uniform practice of this court, from the earliest times, has followed the rule of the common law in refusing to recognize a confidential communication to a physician as privileged, so as to protect the physician from divulging it when called upon to do so as a witness in court.

As we have no jurisdiction in the matter brought before us in the manner aforesaid, the petition must be denied.

Petition denied and dismissed.

*Edwards & Angell* for petitioner.

*John W. Hogan and Philip S. Knauer,* for respondent.