Gladys BARTLETT et al.

v.

William J. DANTI.

No. 83–453–Appeal.

Supreme Court of Rhode Island.

Jan. 14, 1986.

J. Olenn, Olenn & Penza, Providence, for plaintiff.

Mark C. Hadden, Paul V. Curcio, Hinckley & Allen, Providence, for defendant.

## OPINION

MURRAY, Justice.

The Superior Court has certified to this court seven questions concerning the constitutionality of certain provisions of the Confidentiality of Health Care Information Act, G.L. 1956 (1976 Reenactment) chapter 37.3 of title 5, as enacted by P.L. 1978, ch. 297, § 1. To place these questions in context, a precis of the facts is indicated.

At approximately 4:30 p.m. on October 13, 1972, plaintiff Robert Bartlett (Robert), while operating a motorcycle on a public highway, collided with an automobile operated by defendant William Danti. The plaintiff Gladys Bartlett was the registered owner of the motorcycle. At the time of impact, Robert was steering to the right or passenger side of the Danti vehicle. By complaint filed in the Superior Court on June 26, 1975, plaintiffs instituted the instant negligence action.

In response to interrogatories served on him by Robert, defendant stated that in January 1971 he was involved in an industrial accident in which he sustained head injuries, as a result of which he was disabled and collecting workers' compensation benefits.

Pursuant to orders entered by the Superior Court, medical reports of defendant's condition subsequent to his January 1971 accident were received by plaintiffs. The reports indicated that at or about the time of the collision with Robert, defendant suffered from diminished vision in his right eye and a loss of foot function. The reports further indicated that defendant suffered and continues to suffer from a mental condition involving loss of memory.

Subsequent to plaintiffs' receipt of the above medical information, the Confidentiality of Health Care Information Act was enacted.

At a pretrial conference conducted on March 28, 1980, defendant, seeking to suppress the above medical information, filed a motion in limine. In addition to alleging that the information was irrelevant, defendant claimed the privilege against disclosure of confidential health-care information set forth in § 5–37.3–6. The plaintiffs objected and made an offer of proof in which they contended that defendant's physical and mental infirmities limited his ability to operate his motor vehicle at the time of the collision and affected his ability to remember and testify during trial. The plaintiffs further argued that the Confidentiality of Health Care Information Act was unconstitutional. The trial justice certified the following questions to this court.

1. Does the Confidentiality of Health Care Information Act, § 5–37.3–6, violate article 3 of the Rhode Island Constitution as an unconstitutional intrusion by the Legislature upon the function of the judiciary?

2. Does the Confidentiality of Health Care Information Act, § 5–37.3–4(b)(11), violate article 3 of the Rhode Island Constitution as an unconstitutional intrusion by the Legislature upon the function of the judiciary?

3. Does the Confidentiality of Health Care Information Act, § 5–37.3–6, violate article 1, section 5, of the Rhode Island Constitution by denying to a litigant the right to justice?

4. Does the Confidentiality of Health Care Information Act, § 5–37.3–6, violate article 1, section 15, of the Rhode Island Constitution by denying to a litigant the right to trial by jury?

5. Does the Confidentiality of Health Care Information Act, § 5–37.3–8, violate article 1, section 5, of the Rhode Island Constitution as civil and criminal penalties may be imposed upon a litigant and his attorney for dealing with material and relevant health-care information as it pertains to the physical or mental condition of another person which may be relevant and material to the prosecution of an action?[1]

---

1. Pursuant to P.L. 1982, ch. 356, §§ 1 and 3, the former provisions of this section now appear in

G.L. 1956 (1976 Reenactment) § 5–37.3–9.

6. Does the Confidentiality of Health Care Information Act, § 5–37.3–4(c), violate article 10 of the Rhode Island Constitution and serve as an unconstitutional intrusion by the Legislature upon the function of the judiciary in determining the governing of the practice of law?

7. Does § 5–37.3–6 violate the Fourteenth Amendment to the United States Constitution in that no state may deprive a person of property without due process of law?

Since question numbers 1 and 3 are interrelated, we consolidate them for purposes of our discussion.

Article 3 of the Rhode Island Constitution provides, "The powers of the government shall be distributed into three departments: the legislative, executive and judicial." It is well settled that the separation of powers mandated by article 3 prohibits legislative subversion or exercise of judicial power. *Lemoine v. Martineau*, 115 R.I. 233, 238, 342 A.2d 616, 620 (1975); *Taylor v. Place*, 4 R.I. 324 (1856). *See also State v. Byrnes*, —— R.I. ——, ——, 456 A.2d 742, 744 (1983). The exercise of judicial power has been defined as "the *control* of a decision in a case or the *interference* with its progress, or the *alteration* of the decision once made." *Id.* (quoting *Lemoine*, 115 R.I. at 238, 342 A.2d at 620).

Section 5–37.3–4(a) provides that subject to certain exceptions enumerated in § 5–37.3–4(b), a patient's confidential health-care information shall not be released without the patient's written consent. Further, § 5–37.3–6(a)(1) sets forth the general rule that confidential health-care information is not subject to compulsory legal process in any type of proceeding, including, but not limited to, any civil or criminal case, or in any pretrial or other preliminary proceedings.[2]

■ We find § 5–37.3–6 to be violative of the separation of powers mandated by article 3 of the Rhode Island Constitution. Section 5–37.3–6, in addition to interfering with the subpoena power of the judiciary, removes from the court's discretion the determination of admissibility of otherwise relevant evidence. Read in conjunction with § 5–37.3–4(a), the statute vests the power to make such determinations in the hands of individual patients who can decide with impunity whether to permit access to such information.

The situation presented here is not unlike that which was before us in *Lemoine, supra*. There, we declared blatantly unconstitutional a statute which provided that during the time the Legislature was in session, its members, whether they be litigants, counsel of record, or witnesses, need not appear in any civil or criminal trial being held in the courts of this state and that any process served upon the absentee legislator to compel such appearance was void. Noting that the statute deprived the courts of their discretion to grant continuances and vested the decision of whether to appear in the courtroom in each member of the Legislature, we held that the statute was "an unauthorized legislative encroachment on the judiciary's right and obligation to [conduct] its affairs in a manner that is fair and equitable to all litigants * * *." *Lemoine v. Martineau*, 115 R.I. at 240, 342 A.2d at 621.

In *Lemoine* continuance of court proceedings was subject to the whims of individual legislators. Here, §§ 5–37.3–4 and 6 subject the procurement and use of health-care information at all stages of litigation to the caprice of the patient. The trial justice is stripped of all authority to require production of medical information. Further, absent consent by the patient, all such information, regardless of its relevancy, is kept from the trier of fact.

**2.** General Laws 1956 (1976 Reenactment) § 5–37.3–6(a)(2), as enacted by P.L. 1978, ch. 297, § 1, contains exceptions to this prohibition, none of which are applicable in the instant matter.

**518**

In *Lemoine* we further found the statute at issue therein to be violative of the right to justice guaranteed to all persons within this state by article 1, section 5, of the Rhode Island Constitution. In so doing we stated that "the rights of litigants could be destroyed or materially impaired by the interposition of the statute." *Lemoine v. Martineau*, 115 R.I. at 240, 342 A.2d at 621. We conclude that § 5-37.3-6 is violative of article 1, section 5. We find that § 5-37.3-6, absent the patient consent mandated by § 5-37.3-4(a), precludes litigants from obtaining and introducing material evidence, thereby preventing litigants from effectively presenting their claims before the trier of fact. Hence, as in *Lemoine*, the statute could materially impair or destroy the rights of litigants.

We also note that while § 5-37.3-6 precludes the court from obtaining relevant evidence through the use of its subpoena power, § 5-37.3-4(b) enumerates situations in which confidential health-care information may be obtained without patient consent. Section 5-37.3-4(b) provides, inter alia, that patient consent is not required in regard to information that is directly related to a current claim for workers' compensation benefits or to any proceeding before the Workers' Compensation Commission or before any court proceeding relating to workers' compensation. Section 5-37.3-4(b)(11). Thus, while the trial courts of this state are precluded in most actions from obtaining confidential health-care information absent patient consent, such information is readily obtainable by the Workers' Compensation Commission. We find such a distinction to be arbitrary and without any rational basis.

For the reasons set forth above, we answer certified question Nos. 1 and 3 in the affirmative. Finding our answers to these two questions to be dispositive of the instant matter, we decline to respond to the remaining questions certified. The records in the case are ordered returned to the Superior Court for further proceedings.