[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this court is plaintiff's motion to compel. Defendant, Dr. Ronald M. Stewart, has refused to answer deposition questions that pertain to his professional relationship with and observations of a psychiatric patient named John Sarro. Dr. Stewart asserts that he may not disclose such information because John Sarro has not authorized the release of such information. For the reasons set forth below plaintiff's motion is granted.
Robert H. Bush, a patient at the Rhode Island Institute of Mental Health was killed by another patient, John Sarro, on January 15, 1986. The within civil action alleges that Dr. Stewart and the co-defendants knew of patient John Sarro's violent nature as well as Mr. Sarro's prior threats against and assaults upon the decedent and, thus, they were negligent in failing to take steps to protect Robert Bush.
At common law communications between a physician and his or her patient were viewed as not privileged. Banigan v. Banigan,26 R.I. 454, 59 A. 313 (1904). The physician-patient privilege is a statutory creation. This court finds that General Laws of Rhode Island § 40.1-5-26(b)(7) is controlling rather than § 5-37.3-6 or § 23-17-19.1.
Pursuant to § 40.1-5-26(b)(7) defendant, Dr. Stewart, is directed to answer deposition questions that pertain to his professional relationship with and his observations of patient John Sarro. The transcript of Dr. Stewart's deposition and any medical records that are produced during the deposition will be labeled "Confidential." Access to the deposition transcript and exhibits shall be limited to Dr. Stewart, counsel for plaintiff and defendants and expert witnesses retained by the parties.
Counsel shall prepare an appropriate order for entry.