Ann **LEWIS**

v.

Paul W. **RODERICK,** M.D.

**No. 91–478–M.P.**

Supreme Court of Rhode Island.

Dec. 8, 1992.

Donna DiDonato, Decof & Grimm, Providence, for plaintiff.

Michael Sarli, Gidley, Lovegreen & Sarli, Providence, for defendant.

## OPINION

MURRAY, Justice.

This case came before us on the petition of the plaintiff, Ann Lewis, for writ of certiorari.[1] The plaintiff seeks review of an interlocutory decree of the Superior Court denying in part and granting in part her motion to compel the defendant, Paul W. Roderick, M.D., to file a more responsive answer to one particular interrogatory. We now affirm the judgment of the Superior Court.

This matter arises out of a civil suit filed by plaintiff in 1989. The complaint alleged that defendant was negligent in both diagnosing and treating her gastroenterological condition, which ultimately resulted in a sigmoid colectomy. In the course of discovery, plaintiff propounded twenty-nine interrogatories to defendant in accordance with Rule 33 of the Superior Court Rules of Civil Procedure, the last of which read as follows:

"Please state whether you, your agents, servants, employees, insurance representatives or attorneys conferred with any physician who treated Plaintiff Ann Lewis subsequent to the care and treatment you rendered to this Plaintiff. If so, please state the identities of each person involved in the conference or communication, the substance of each conference or communication and the date(s) of each."

The defendant's initial response to the aforementioned inquiry simply stated, "I spoke to no one who took care of Ann Lewis subsequent to the care that I rendered to Ann Lewis." The plaintiff thereafter filed a motion to compel a more responsive answer, specifically seeking to address any conversations defendant's agents may have had with plaintiff's physicians. The plaintiff suggested that such information is material and relevant because it may lead to the discovery of other admissible evidence.

The plaintiff's motion came on for hearing on the June 19, 1991 motion calendar. The Superior Court justice determined that (1) plaintiff is entitled to know the names and addresses of any of plaintiff's physicians with whom defendant's agents communicated *if* that physician is a prospective trial witness of defendant and (2) plaintiff may not seek to learn the substance of such conversations. While granting in part and denying in part plaintiff's motion to compel a more responsive answer, the court advised plaintiff: "You are entitled to know if they're going to be used as witnesses. Other than that, they can talk to anybody in the world."

1. Although the parties settled the instant matter just prior to our issuance of this opinion, this court has agreed to publish this opinion because of its precedential value contained herein.

The plaintiff filed a petition for writ of certiorari contending that the lower court's ruling constitutes an abuse of discretion and violates this state's so-called patient-physician privilege and Interprofessional Code of Cooperation as well as public-policy considerations. We granted plaintiff's petition for writ of certiorari on December 12, 1991. The sole issue before us is whether defendant and/or his agents are permitted to engage in ex parte communications with plaintiff's subsequent treating physicians without advising plaintiff of such unless the physician contacted is to be called as a witness at trial.

The plaintiff argues that the ruling on plaintiff's motion gives defense counsel a license to impinge upon and outwardly violate the fundamental sanctity of the privileged confidences and communications between a patient and his or her subsequent treating physician. More specifically, plaintiff suggests that communications initiated by another physician's attorney oftentimes causes a plaintiff's physicians to yield to the underlying pressures either of divulging patient confidences or of refusing to testify on the patient's behalf. The plaintiff's solution would be to prohibit defense counsel from conducting ex parte communications with a plaintiff's subsequent treating physicians and limit them to interviewing a physician in the presence of plaintiff's counsel in the course of formal discovery proceedings. We do not agree.

The plaintiff's reliance on this state's so-called patient-physician privilege requires us to engage in a brief discussion of its history. At common law, no confidential communication between a patient and a physician has ever been recognized in this state. *In re Grand Jury Investigation*, 441 A.2d 525, 528 (R.I.1982) (citing *Banigan v. Banigan*, 26 R.I. 454, 456, 59 A. 313, 314 (1904)). However, the so-called patient-physician privilege is now codified in the Confidentiality of Health Care Information Act (the act), G.L.1956 (1987 Reenactment) chapter 37.3 of title 5. This act proposes to "establish safeguards for maintaining the integrity of confidential health care information that relates to an individual." Section 5-37.3-2.

■ The crux of the act that is at issue here is § 5-37.3-4.[2] It reads in pertinent part:

"Limitations on and permitted disclosures.—(a) Except as provided in subsection (b) of this section or as otherwise specifically provided by the law, a patient's confidential health care information shall not be released or transferred without the written consent of that patient or his authorized representative * * *.

(b) No consent for release or transfer of confidential health care information is required in the following situations:

* * * * * *

(8) To a court or lawyer or medical liability insurance carrier if a patient brings a medical liability action against a health care provider."

In addition to this exception, the statute enumerates seventeen other exceptions to the so-called patient-physician privilege. These restrictions demonstrate the Legislature's intent to create a qualified, nonabsolute privilege that would protect a patient's interest in privacy and yet not hamper discovery in medical-malpractice actions. In reading this statute, we are persuaded that the Legislature intended that the privilege automatically be waived when a patient, including plaintiff here, elects to bring a medical-malpractice claim or otherwise puts his or her medical condition at issue.

■ Having determined that plaintiff has waived the confidentiality she shares with her subsequent treating physicians, we must now turn to the methods of discovery as they exist in this state. Rule 26(b)(1) of the Superior Court Rules of Civil Procedure allows discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action."

**2.** General Laws (1987 Reenactment) § 5-37.3-4 was amended by P.L.1989, ch. 502, § 1 and, more recently, by P.L.1992, ch. 427, § 1. However, neither amendment substantively changed the portion of the statute at issue here. The statute now includes a total of twenty exceptions to the so-called patient-physician privilege.

In a medical-malpractice action, a defendant-physician's quest for information regarding a plaintiff's pertinent physical or mental condition is undoubtedly relevant and, as we have stated, not privileged. Such information also may be essential to a physician's defense tactics. However, plaintiff would suggest that, despite a defendant's interest in defending this type of action, defense counsel should not be permitted to engage in informal discovery that may provide unlimited access to unrelated, personal information regarding a plaintiff's health.

■ Although this situation presents us with a case of first impression, we must agree with the holdings offered by our colleagues in other jurisdictions. *See, e.g., Doe v. Eli Lilly & Co.,* 99 F.R.D. 126 (D.D.C.1983); *Trans-World Investments v. Drobny,* 554 P.2d 1148 (Alaska 1976); *Stempler v. Speidell,* 100 N.J. 368, 495 A.2d 857 (1985). These courts, among others, have upheld the right of defense counsel to conduct informal interviews of a plaintiff's treating physicians because the court rules in each jurisdiction did not expressly prohibit such ex parte interviews. *Stempler,* 100 N.J. at 378–79, 495 A.2d at 862. Likewise, the Rhode Island Rules of Civil Procedure do not purport to delineate the only methods of pretrial discovery by which information pertinent to the litigation may be obtained, nor do they prohibit ex parte interviews. Although formal depositions are regulated by Rules 26 through 33 of the Superior Court Rules of Civil Procedure, personal interviews with witnesses are an accepted, informal method of ascertaining the facts needed to litigate a case effectively. *Id.* at 382, 495 A.2d at 864. Informal interviews also reduce the time of trial preparation in several respects, which reduction in turn saves the parties unnecessary legal expenses. First, ex parte interviews eliminate the cost and difficulties involved in holding and scheduling formal depositions with all parties present. Second, it provides a cost-efficient way of completely excluding nonessential witnesses from the list. *Doe v. Eli Lilly & Co.,* 99 F.R.D. at 128.

Section 5–37.3–4 of the General Laws waived the protections accorded the plaintiff through the so-called patient-physician privilege when she filed this medical-malpractice action. In so doing, the statute does not enumerate what shall and shall not be subject to discovery after the privilege is waived. In the absence of language to the contrary, we must assume that the Legislature intended everything to be discoverable upon waiver of the so-called patient-physician privilege. Therefore, we find that there is no inherent prohibition against allowing the defendant's attorney to talk to anyone, including the plaintiff's subsequent treating physicians, in the course of pretrial discovery.

For the foregoing reasons the petition for certiorari is denied, and the writ heretofore issued is quashed. The judgment of the Superior Court is affirmed, and the case may be remanded to the Superior Court with our decision endorsed thereon.