STATE

v.

Edward LETOURNEAU.

No. 80–545–C.A.

Supreme Court of Rhode Island.

May 27, 1982.

Dennis J. Roberts, II, Atty. Gen., Melanie Wilk Spencer, Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Richard M. Casparian, Barbara Hurst, Asst. Public Defenders, for defendant.

## OPINION

KELLEHER, Justice.

On July 20, 1973, the grand jury for the counties of Providence and Bristol returned an indictment charging Edward Letourneau (Letourneau) and four other individuals with a variety of charges, including conspiracy to kidnap and assault. The charges arose out of a June 2, 1973 episode in which Letourneau was part of a group of prisoners who first seized four correctional officers, then released two and physically assaulted the remaining two. On March 12, 1974, Letourneau appeared in Superior Court to plead guilty to the charge. He was placed on probation for a period of five years.

Subsequently, in September 1977, Letourneau appeared in the Superior Court to respond to the Attorney General's allegation that he had violated the terms of his probation. The violations allegedly occurred in late August 1977 when on one occasion Letourneau struck Anthony Fullen with a metal pipe and on a later occasion shot Fullen and attempted to shoot Fullen's companions. These incidents occurred in Providence in the neighborhood of the Chad Brown Housing Project. Later, in October 1977, a Superior Court justice ruled that Letourneau had violated the terms of his probation; and on March 14, 1979, Letourneau appeared in Superior Court and was sentenced to serve eight years on the conspiracy charge. The sentence was to begin once Letourneau had completed a sentence that he was at that time serving in the Adult Correctional Institutions.

Thereafter, a criminal information was lodged against Letourneau. It related to the shooting incidents that arose out of Letourneau's armed confrontation with Fullen and his friends. On July 14, 1980, the criminal information was dismissed by the state pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure because the state was unable to locate Fullen or his friends.

Within a matter of ten days Letourneau, on July 24, 1980, filed a motion pursuant to the pertinent portion of Super.R.Crim.P. 35, which permits a Superior Court justice to reduce "any sentence within one hundred twenty (120) days after the sentence is imposed * * *." In denying Letourneau's motion, the motion justice expressed the belief that the denial was mandatory because he lacked jurisdiction to entertain any motion to reduce sentence which had not been filed within 120 days of the imposition of the sentence.

Letourneau claims that the motion justice should have considered his motion because he had done all that could reasonably be expected of him when he filed a reduction motion within ten days of the dismissal of the information. Letourneau describes the motion justice's rationale as a "restrictive interpretation" and refers us to a portion of *United States v. Mendoza*, 565 F.2d 1285, 1290 (5th Cir. 1978), where the court noted that "[t]imeliness is important to our jurisprudence, but chronometry must not be given absolute dominance over justice, fairness, and common sense." The thrust of the Court of Appeals's "timeliness" remarks can be best appreciated when they are considered within the context of the issue presented in *Mendoza*, but they are quite inapposite to the issue presented by Letourneau's appeal.

In *Mendoza* the motion for reduction of sentence was filed well within the 120-day time frame of Rule 35, but because of factors beyond the defendant's control the District Court judge failed to act on the motion prior to the expiration of the 120 days. The trial judge, while expressing a desire to grant the defendant's request, ruled that he was powerless to pass on the motion. The Court of Appeals, in setting aside the denial, ruled that since the motion had been filed "sufficiently early in the 120-day period," the failure and inability of the trial judge to act on the motion within that period did not divest him of jurisdiction. Jurisdiction, the court said, would be retained for as long a period as the judge reasonably needed to consider and act upon

the motion. The *Mendoza* court,[1] however, did refer to several cases within the Fifth Circuit which have held that the 120-day time limitation is jurisdictional and that the trial judge does not have jurisdiction to modify any sentence where the reduction motion is filed after the 120 days have elapsed.

Recently, in *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805, 814 (1979), in rejecting a collateral attack on sentences that, because of a postsentence change in policy by the United States Parole Commission, were prolonged beyond the point intended by the sentencing judge, the Court emphasized that the 120-day time period set forth in Rule 35 is jurisdictional and may not be enlarged.[2] *See also* 8A Moore's *Federal Practice* ¶ 35:02[2] at 35–6 (1981 Ed.); 2 Wright, *Federal Practice and Procedure*: Criminal § 587 at 572 (1969). Since there is unanimity of thought among the motion justice, the Supreme Court, Moore, and Wright, we see no necessity to add any more frosting to the cake.

Letourneau's appeal is denied and dismissed.

---

1. Two of the three judges that constituted the panel considering Mendoza's appeal ruled that any motion filed within the first 60 days of the 120-day period would be considered as having been filed "sufficiently early" and therefore meriting consideration. The third panelist, Senior District Judge Wyzanski, formerly a member of the Federal District Court of the District of Massachusetts, concurred but disagreed with the 60-day rule promulgated by his colleagues. Judge Wyzanski took the position that any motion filed within the 120-day period qualified for consideration. In an *en banc* consideration of the 60-day rule, the majority of the members of the Fifth Circuit Court of Appeals rejected this proviso. *United States v. Mendoza*, 581 F.2d 89, 91–92 (5th Cir. 1978).

2. Specifically, the Court in *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805, 814 (1979), said, "Federal Rule Crim.Proc. 35 now authorizes district courts to reduce a sentence within 120 days after it is imposed or after it has been affirmed on appeal." At least one court has construed this language to mean that a trial judge is powerless to act on a Rule 35 motion after the 120th day has expired even though the motion might have been timely filed. *United States v. Nunzio*, 430 A.2d 1372, 1374 (D.C.App.1981). In his commentary Professor Moore noted that the 120-day period is not defined as a time within which the motion may be made but is rather a time within which the court may act. After suggesting that the rule's language be clarified so that a judge could have the express authority to consider motions to reduce after the expiration of the 120-day period, Professor Moore noted that despite the language deficiency "it appears that the latter interpretation is followed by most courts and acquiesced in by most prosecutors as a matter of salutary practice." 8A Moore's *Federal Practice* ¶ 35:02[2] at 35–6, 35–6.1 (1981 Ed.).