**STATE of Rhode Island**

**v.**

**James McKINNEY.**

**No. 97–199–C.A. (94–1654)**

Supreme Court of Rhode Island.

Dec. 15, 1997.

Aaron L. Weisman, Providence

Paula Rosin, Janice M. Weisfeld, Providence.

### ORDER

This case came before the Supreme Court in a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure for possible disposition without oral argument. The defendant appeals from the Superior Court's denial of his motion to reduce sentence pursuant to Super.R.Crim.P. 35. After reviewing the statements submitted by the parties and other materials in the record, we proceed to decide the case at this time.

The defendant entered a plea of nolo contendere to charges of robbery, assault with intent to commit robbery, assault with a dangerous weapon and carrying a firearm following a previous conviction for a crime of violence. The Superior Court record discloses that the state had ample evidence, including several eyewitnesses, tending to prove that the defendant had robbed a Pawtucket hotel, and that during his escape had fired his gun upon both a hotel security guard and an off duty police officer. The record also discloses that the state had filed a notice of intent to enhance the defendant's sentence as an habitual offender. The state withdrew the sentence enhancement following the acceptance of defendant's plea, and the motion justice sentenced the defendant as follows: For robbery, 60 years imprisonment, 40 to serve, 20 suspended with probation; for assault with intent to commit robbery, 20 years concurrent; for each of three counts of assault with a dangerous weapon, 20 years concurrent; and for carrying a firearm following a previous conviction for a crime of violence, 10 years concurrent.

A motion to reduce sentence pursuant to Super.R.Crim.P. 35 must be filed within 120 days after the sentence is imposed. Within this time period the defendant filed a motion, pro se, to "give[ ] the Court Notice to reserve his rights to act sometime in the future and call on this motion." At a hearing on the motion wherein the defendant was represented by counsel, it was explained that the defendant was not seeking a sentence reduction at that time, but sought to have the 120 day time limit tolled so that at some point in the future he could seek a reduction in sentence based on good behavior during incarceration. The motion justice correctly informed the defendant that he could not extend the jurisdictional time limit contained in Rule 35. *See State v. Letourneau,* 446 A.2d 746, 748 (R.I.1982). Nevertheless, noting that the defendant may have been unprepared to argue the merits of Rule 35 motion, the motion justice offered to continue the hearing. After conferring with counsel, the defendant indicated that he desired to have his motion ruled on that day. Thereafter, the defendant's motion to reduce sentence was denied and this appeal followed. We can find no error.

"A motion to reduce a sentence under Rule 35 is essentially a plea for leniency." *State v. Brigham,* 666 A.2d 405, 406 (R.I.1995) (per curiam) (citing *State v. Tiernan,* 645 A.2d 482, 484 (R.I.1994)). "Such motions are within the sound discretion of the trial justice and 'may be granted if the court decides on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe.'" *Id.* (quoting *State v. Byrnes,* 456 A.2d 742, 744–45 (R.I.1983)). "In reviewing a trial court's decision on a Rule 35 motion, this court's scope of review is extremely limited." *State v. Sifuentes,* 667 A.2d 791, 792 (R.I.1995) (per curiam). "This court will interfere with a trial justice's decision only when the sentence is "'manifestly excessive.'" *Id.* (quoting *State v. Ouimette,* 479 A.2d 702, 704 (R.I. 1984)). "A manifestly excessive sentence is a sentence disparate from sentences generally imposed for similar offenses when the heavy sentence imposed is without justification." *Ouimette,* 479 A.2d at 704. The burden of proving that a sentence is manifestly excessive falls to the party seeking reduction. *Id.*

Here, the motion justice reviewed the defendant's criminal conduct underlying the convictions, which he deemed to be "well-concocted" and "vicious." This finding, together with the lack of any evidence of changed circumstances and the fact that defendant's sentence followed a negotiated plea, amply supports the motion justice's decision to decline to reduce defendant's sentence. *See State v. Miller,* 694 A.2d 748, 749 (R.I. 1997) (mem.).

For the foregoing reasons and in accordance with Rule 12A(6)(b), this appeal is hereby denied and dismissed.