STATE

v.

Maria D. ORTEGA.

No. 99–69–C.A.

Supreme Court of Rhode Island.

May 31, 2000.

Virginia M. McGinn, Aaron L. Weisman, Providence.

John M. Verdecchia, Cranston.

**ORDER**

The defendant Maria D. Ortega has appealed from the denial of her motion to reduce her sentence under Rule 35 of the Superior Court Rules of Criminal Procedure. At oral argument, the defendant's attorney waived any appeal based upon the Superior Court's denial of her motion for a new trial. Following her conviction on one count of felony shoplifting and one count of obstruction of justice, the Superior Court sentenced the defendant to five years to serve on the felony shoplifting charge and one year to serve on the obstruction charge.[1] The court also fined the defendant $5,000. The court ordered that the sentences imposed on counts one and two were to run consecutively. Following a prebriefing conference, a single justice of this Court ordered the defendant to show cause why the issues raised in this appeal should not be summarily decided. Because no cause had been shown, we proceed to do so.

The defendant maintains that the imposition of a six-year sentence and a $5,000 fine was "grossly disparate from sentences imposed for similar offenses." Although she does not set forth any examples, she alleges that her sentence may be the harshest ever for a defendant convicted of similar crimes.

A motion to reduce a sentence is essentially a plea for leniency. We have stated that such motions are within the discretion of the trial justice "and may be granted if the court decides on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe." *State v. Byrnes,* 456 A.2d 742, 744–45 (R.I.1983). On an appeal from the denial of such motions, our scope of review is extremely limited. *See State v. Giorgi,* 121 R.I. 280, 397 A.2d 898, 899 (1979). We will modify or overturn a sentence only when it is manifestly excessive. *See State v. Ballard,* 699 A.2d 14, 15–16 (R.I.1997). A manifestly excessive sentence is defined as one which is "disparate from sentence[s] generally imposed for similar offenses when the heavy sentence imposed is without justification." *Id.* at 16 (quoting *State v. Ouimette,* 479 A.2d 702, 704 (R.I.1984)). "It is the defendant's burden to show that the sentence imposed violates this standard." *State v. Cote,* 736 A.2d 93, 94 (R.I.1999).

In this case, we are of the opinion that the defendant has failed to meet her burden of demonstrating that her sentence is without justification. Moreover, she offered no evidence to support her conten-

---

1. Because of the value of the items stolen and the defendant's record of prior convictions, she qualified for the sentencing enhancement provisions contained in § 11–41–20(d) ("any person convicted of the crime of shoplifting merchandise with a retail value of over one hundred dollars ($100) who has previously been convicted of shoplifting shall be guilty of a felony and shall be punished by a fine of not more than five thousand dollars ($5,000) or by imprisonment of not more than five (5) years or both.")

tion that her sentence was disproportionate to others imposed for the same offense. The trial justice, in denying the defendant's motion, opined that the punishment fit the crime. He considered that the defendant's record of convictions for shoplifting over the three years immediately before her sentencing suggested that she was a professional shoplifter who had "engaged in the systematic looting of retail stores." Therefore he concluded that her conduct called for the imposition of the maximum sentence. Given the deferential standard of review by this Court, we conclude that the trial justice's denial of the defendant's motion to reduce sentence was within his discretion. Hence we deny the appeal and affirm the defendant's conviction and the denial of her motion for a reduced sentence.