## STATE

### v.

### Jose LOPEZ.

### No. 99–505–C.A.

Supreme Court of Rhode Island.

Dec. 18, 2000.

Dianne L. Leyden, Aaron L. Weisman, Providence.

Paula Rosin, Providence.

## ORDER

The defendant appeals from the denial of his motion to reduce his sentence under Rule 35 of the Superior Court Rules of Criminal Procedure. The case came before a single justice of this Court, who directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and hearing the arguments of counsel, we are of the opinion that cause has not been shown, and we proceed to resolve the appeal at this time.

While serving a life sentence plus thirty years for murder and conspiracy, the defendant, Jose Lopez (the defendant), stabbed another prison inmate multiple times with a "shank."[1] He subsequently

1. The word "shank" while having various meanings, is in everyday street and prison parlance used to describe a sharp, knifelike instrument intended to cut or stab someone.

was convicted on a charge of assault with intent to murder and was sentenced to a fifteen-year term of imprisonment to be served consecutive to the life sentence plus thirty years.[2]

At the hearing on his motion to reduce sentence, the defendant informed the trial court that because he was born in 1948 and already was serving a lengthy sentence, a consecutive term of fifteen years probably would result in his being imprisoned for the rest of his natural life. He than made a plea for leniency and requested the trial justice to reduce his consecutive fifteen-year sentence to one that would be served concurrently with the sentence he already was serving. The trial justice denied the motion. On appeal, the defendant asserts that the trial justice abused his discretion by failing to consider a letter in which he acknowledged that he had acted badly in the past.

"A motion to reduce a sentence under Rule 35 is essentially a plea for leniency." *State v. Ferrara*, 748 A.2d 246, 248 (R.I. 2000) (per curiam) (citing *State v. McKinney*, 705 A.2d 1379 (R.I.1997) (order)). "[S]uch motions are within the discretion of the trial justice 'and may be granted if the court decides on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe.'" *State v. Ortega*, 755 A.2d 841, 841 (R.I.2000) (order) (quoting *State v. Byrnes*, 456 A.2d 742, 744–45 (R.I.1983) (per curiam)). "Our authority to review such a decision is extremely limited and will be exercised only when the sentence is without justification." *State v. Mollicone*, 746 A.2d 135, 137 (R.I.2000) (per curiam). Due to our "strong policy against interfering with a trial justice's discretion in sentencing matters" we only will interfere with that discretion "in rare instances when the trial justice has imposed a sentence that is without justification and is grossly disparate from other sentences generally imposed for similar offenses." *Id.* "A manifestly excessive sentence is defined as one which is 'disparate from sentence[s] generally imposed for similar offenses when the heavy sentence imposed is without justification.'" *Ortega*, 755 A.2d at 841. "It is the defendant's burden to show that the sentence imposed violates this standard." *Id.* (quoting *State v. Cote*, 736 A.2d 93, 94 (R.I. 1999)).

Our review of the record reveals that at the time of the assault, the defendant was serving a life sentence plus thirty years for brutally shooting two women and subsequently having them thrown out of a moving vehicle. One of the victims died. While in prison, he frequently was disciplined for misconduct and, on April 28, 1994, he brutally stabbed another inmate six times. Although the defendant wrote a letter in which he acknowledged that he had "acted badly" towards his attorney and his loved ones, he showed no remorse for stabbing the other inmate; indeed, rather than accept responsibility for his deeds, he blamed all of his misconduct on the pain engendered by a punctured lung. Given the brutality of his recent crime, coupled with his failure to accept responsibility and to show remorse for any of his crimes, we are of the opinion that the trial justice did not abuse his discretion when he denied the defendant's motion to reduce his sentence.

For the foregoing reasons, the defendant's appeal is denied and dismissed, the judgment appealed from is sustained, and the papers of the case are remanded to the Superior Court.

---

**2.** The defendant faced a maximum of twenty years imprisonment upon his conviction for this crime. *See* G.L.1956 § 11–5–1.