STATE

v.

**Juan Bautista GUZMAN.**

No. 2000–478–C.A.

Supreme Court of Rhode Island.

April 12, 2002.

Virginia M. McGinn/Aaron L. Weisman, Providence, for Plaintiff.

Janice M. Weisfeld/Paula Rosin, Providence, for Defendant.

Present: WILLIAMS, C.J.,
LEDERBERG, BOURCIER,
FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court on March 12, 2002, pursuant to an order directing the defendant, Juan Bautista Guzman (defendant or Guzman), to appear and show cause why the issues raised in this appeal should not be summarily decided. Guzman is before the Court on appeal from a Superior Court order that granted in part and denied in part a motion to reduce his sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. After hearing arguments of the counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

On September 12, 1996, defendant shot and killed Jorge Diep (Diep or victim) as Diep sat behind the wheel of his vehicle on Farragut Avenue in Providence. The defendant fled the scene and subsequently was apprehended by the Providence police; his defense to the murder was that Diep was threatening his life for nonpayment for a supply of heroin Guzman allegedly obtained from Diep in connection with defendant's foray into narcotics trafficking. After a jury trial, Guzman was convicted of second-degree murder, carrying a pistol without a license and committing a crime of violence while armed with a firearm. For the murder, Guzman was sentenced to sixty years at the Adult Correctional Institutions. He was ordered to serve forty years, the remaining twenty years was suspended with probation. He received a ten-year sentence, with five years to serve and five years suspended, for the crime of carrying a pistol without a license, and an additional five years to serve for commit-

ting a crime of violence while armed. The trial justice ordered all sentences to run consecutively, for a total of fifty years to serve. After unsuccessfully challenging the validity of his conviction in *State v. Guzman*, 752 A.2d 1 (R.I.2000), defendant sought a reduction of sentence pursuant to Rule 35. The trial justice granted the motion in part and ordered that the sentences for second-degree murder and committing a crime of violence while armed be served concurrently. The defendant is before this Court on appeal of that order.

The defendant first argues that pursuant to our holding in *State v. Ballard*, 699 A.2d 14 (R.I.1997), all sentences should run concurrently and, second, that the attendant circumstances surrounding the murder and his good behavior subsequent to the murder call for a reduction in the sentence. We disagree.

■ "A motion to reduce a sentence under Rule 35 is essentially a plea for leniency." *State v. Ferrara*, 748 A.2d 246, 248 (R.I.2000) (quoting *State v. McKinney*, 705 A.2d 1379, 1379 (R.I.1997)(mem.)). "[S]uch motions are within the discretion of the trial justice 'and may be granted if the court decides on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe.'" *State v. Ortega*, 755 A.2d 841, 841 (R.I.2000)(mem.) (quoting *State v. Byrnes*, 456 A.2d 742, 744–45 (R.I.1983)). "Our authority to review such a decision is extremely limited and will be exercised only when the sentence is without justification." *State v. Mollicone*, 746 A.2d 135, 137 (R.I.2000).

■ We are satisfied that defendant's reliance on *Ballard* is misplaced. Here, unlike Michael Ballard, who was sentenced to two consecutive life sentences for two counts of kidnapping, Guzman was convicted of second-degree murder, a crime that

carries a maximum penalty of life imprisonment. Although Guzman had procured the murder weapon well in advance of the homicide, evidence that would support a conviction for first-degree murder, the jury found that the premeditation was not of sufficient duration to establish first-degree murder. However, in imposing sentence, the trial justice need not be blind to the fact that Guzman shot his victim five times at close range; a particularly brutal crime that, the evidence suggested, was committed with a firearm by a would-be drug dealer in connection with a drug deal. These factors qualify as the type of aggravating circumstances delineated in *Ballard*. *Ballard*, 699 A.2d at 18. In granting defendant's Rule 35 motion in part, the trial justice noted that the sentence was influenced by the combination of violence and defendant's drug-dealing activities. He found deterrence to be a significant factor in his sentencing decision, stating that "the alarming proliferation of [selling drugs] on our streets must somehow be stemmed." Also, unlike *Ballard*, the trial justice here did not impose the maximum available sentence for each offense to be served consecutively. Thus, we are satisfied that the consecutive sentence does not render the sentence grossly disparate or unreasonable and that the trial justice was well within his discretion in ordering defendant to serve the additional five years consecutively to the sentence imposed for second-degree murder.

■ The defendant's second argument, that the particular circumstances surrounding his crime and his subsequent good behavior in prison warrant a reduction in his sentence, is similarly without merit. Having concluded the trial justice's sentence was reasonable and the factors considered by the sentencing justice in imposing sentence were appropriate and within his *discretion*, the circumstances surrounding defendant's crime and his demeanor and conduct in prison since the crime are of no moment to this appeal. Appropriate prison behavior is expected of all inmates and is irrelevant to the factors considered by a trial justice when he or she initially imposes a sentence. *State v. Upham*, 439 A.2d 912, 914 (R.I.1982). A Rule 35 motion to reduce sentence is directed to the discretion of the trial justice and will not be disturbed absent an abuse of discretion. *See* Rule 35.

Accordingly, the defendant's appeal is denied and dismissed. The Superior Court justice's order is affirmed and we remand the papers in this case to the Superior Court.