**STATE**

v.

**Jonathan P. QUAWEAY.**

No. 2000–288–C.A.

Supreme Court of Rhode Island.

May 29, 2002.

Aaron L. Weisman, Providence, for Plaintiff.

Paula Rosin, Janice Weisfeld, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## O P I N I O N

PER CURIAM.

The defendant, Jonathan P. Quaweay, appeals from a Superior Court judgment denying his motion to reduce sentence in this probation violation case.[1] We deny and dismiss his appeal.

On March 21, 1996, the defendant pled *nolo contendere* to one charge of possession of a stolen motor vehicle. It was his second such conviction.[2] He was sentenced to an eight-year term of imprisonment with only six months to serve. The other seven and one-half years were suspended with probation. Judgment was entered on the same day and no appeal was taken.

On November 18, 1997, in accordance with Rule 32(f) of the Superior Court Rules of Criminal Procedure, the state moved to have the defendant adjudged to be a violator of the probation imposed as part of his March 21, 1996, sentence. In its Rule 32(f) notice of violation, the state asserted that the defendant had assaulted his girlfriend and, in a separate incident, had assaulted another person with intent to commit murder while possessing a dangerous weapon. At the probation violation hearing, the defendant, through counsel, conceded that indeed he had assaulted his girlfriend. On January 23, 1998, following the violation hearing and a review of the hearing evidence, the Superior Court justice found the defendant to be a violator of the terms of his earlier period of probation. He then removed the suspension of the seven and one-half-year portion of the defendant's previous March 21, 1996, sentence and ordered the defendant to serve that time at the Adult Correctional Institutions.

On April 29, 1998, the defendant filed a *pro se* motion in the Superior Court seeking to reduce his January 23, 1998, probation violation sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. Later, on October 18, 1999, the defendant, through counsel, filed a motion to reopen the January 23, 1998, probation violation hearing. On October 26, 1999, defense counsel filed a third motion seeking permission to take a videotaped deposition at state expense, contending that she had just become aware of a previously undisclosed "material witness" in the attempted murder case whose "testimony would be helpful if the court should reopen this finding of violation." All three mo-

---

1. This case came before a single justice of this Court, who ordered the parties to show cause why this appeal should not summarily be decided. After hearing their arguments and considering their legal memoranda, we conclude that cause has not been shown and proceed summarily to decide the appeal.

2. His previous conviction for possession of a stolen motor vehicle was on August 22, 1995, when he was sentenced to a two-year term of imprisonment, with three months to serve and twenty-one months to be suspended with probation. On the same day he also was convicted for receiving stolen goods and received a one-year term of imprisonment that was suspended with probation. August 22, 1995, was not the first time he ever had been convicted.

tions were consolidated and heard on November 2 and 5, 1999.

At the hearing on the motions, defense counsel conceded that although the court was lawfully permitted to vacate the suspended seven and one-half-year portion of the defendant's March 21, 1996 sentence, it should have reconsidered the severity of the underlying offense in that earlier case; namely, the possession of a stolen motor vehicle, and reduce his sentence. After hearing and considering the evidence presented, the hearing justice denied all three motions. The defendant appeals only the denial of his motion to reduce sentence.

We affirm the judgment, albeit on different grounds. *See Allstate Insurance Co. v. Lombardi*, 773 A.2d 864, 877 (R.I.2001).

Except in the case of an illegal sentence, a motion to reduce sentence must be filed:

"within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after receipt by the court of a mandate or order of the Supreme Court of the United States issued upon affirmance of the judgment, dismissal of the appeal, or denial of a writ of certiorari." Super.R.Crim.P. 35.

█ In the present case, the sentence at issue was imposed on March 21, 1996, after the defendant pled *nolo contendere* to a charge of possession of a stolen motor vehicle. Because the defendant did not appeal from that March 21, 1996 conviction, it ripened into a valid and final judgment of conviction on April 1, 1996. A motion seeking to reduce that sentence was required to be filed within 120 days of the final judgment of conviction—in this case on or before July 30, 1996. Because it was not filed until approximately twenty-one months later, April 29, 1998, the motion was time-barred.

█ Considering that the defendant faced ten years of imprisonment at his March 21, 1996 sentencing for his second offense of possession of a stolen motor vehicle, the sentence that he negotiated at that time was rather lenient, and it appears unlikely that any trial justice would have undertaken to later reduce that negotiated sentence even if the motion to reduce had been timely filed. At the conclusion of the January 23, 1998, probation violation hearing, the hearing justice merely removed the suspended portion of the March 21, 1996 negotiated sentence, thereby requiring the defendant to serve the suspended portion of that sentence. Our review of the record reveals no error on the part of the hearing justice in so doing; consequently, we will not interfere with his discretion in vacating the suspended portion of the defendant's March 21, 1996, sentence. *See State v. Bettencourt*, 766 A.2d 391, 393 (R.I.2001) (per curiam).

Accordingly, and for the foregoing reasons, we deny and dismiss the defendant's appeal. The papers in the case are remanded to the Superior Court and the judgment of the Superior Court is affirmed.