STATE

v.

John BROWN.

No. 2002–267–C.A.

Supreme Court of Rhode Island.

May 12, 2003.

Aaron Weisman, Assistant Attorney General, for Plaintiff.

Susan B. Iannitelli, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, JJ., and SHEA, J. (Ret.).

**O P I N I O N**

PER CURIAM.

This case came before the Court for oral argument on April 7, 2003, pursuant to an order that directed all parties to appear and show cause why the issues raised on this appeal should not summarily be decided. After considering the arguments of counsel and the memoranda filed by the parties, we are of the opinion that cause has not been shown, and shall proceed to decide the case at this time.

The defendant, John Brown (defendant), appeals the trial justice's decision denying his motion to reduce sentence in this probation violation case pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. We deny and dismiss his appeal.

On July 17, 2000, the Providence County Superior Court determined that defendant had violated the terms and conditions of his probation for sentences imposed on May 3, 1995. As a result, the court imposed seven years of his ten-year suspended sentence and, concurrently, five years of a separate suspended sentence and ordered defendant to the Adult Correctional Institutions to serve those sentences. On October 26, 2000, defendant filed a motion to reduce sentence under Rule 35, seeking reduction of the seven-year portion to serve.[1] The state objected to the motion

---

1. Except in the case of an illegal sentence, a motion to reduce sentence must be filed:

   "within one hundred and twenty (120) days after the sentence is imposed, or within one hundred and twenty (120) days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the

on the ground that the motion had not been filed "within one hundred and twenty (120) days after the sentence[s had been] imposed." The Superior Court denied defendant's motion, finding that "[t]he Court does not have jurisdiction to hear the Defendant's motion to reduce since while it was filed within 120 days of the violation decision, it was not filed within 120 days of the imposition of the original sentence."

■ On appeal, defendant argues that his motion to reduce sentence was timely filed. The defendant concedes that his motion was not filed within 120 days after the original sentence was imposed. However, he argues that his Rule 35 motion was timely because on October 26, 2000, it had been filed within 120 days of the Superior Court's imposition of the suspended sentences on July 17, 2000. To support this argument, defendant cites to *State v. Tucker*, 747 A.2d 451 (R.I.2000) (per curiam) (Rule 35's 120–day rule did not preclude Court from addressing merits of defendant's argument that hearing justice's revocation of suspended sentence was illegal). In *Tucker*, this Court ruled,

"[b]ecause Tucker in this case failed to file and serve his Rule 35 motion within 120 days after the probation-violation justice revoked a portion of defendant's prior-suspended sentence, the Superior Court lacked authority to correct a sentence 'imposed in an illegal manner' or to 'reduce any sentence' pursuant to the court's discretionary powers * * *." *Tucker*, 747 A.2d at 453.

Thus, defendant here argues that his Rule 35 motion was timely because it *was* filed within 120 days after the probation-violation justice revoked a portion of his prior suspended sentence.

However, defendant incorrectly interprets this Court's holding in *Tucker*. The issue in that case was not whether defendant's Rule 35 motion would have been timely if made within 120 days from the date that his prior suspended sentence was imposed, but rather that the sentence imposed by the probation violation justice was illegal. Thus, *Tucker* is distinguishable from this case because in *Tucker*, the defendant argued that the imposition of a previously suspended sentence was illegal, and thus the 120–day limit did not apply. *Tucker*, 747 A.2d at 453. Rule 35 provides that "[t]he court may correct an illegal sentence at any time." *See also State v. DeCiantis*, 813 A.2d 986 (R.I.2003).

The defendant asks this Court under Rule 35 to permit defendants to seek a reduction of sentence within 120 days of the original imposition of sentence *and* within 120 days of a violation decision. This Court addressed the issue recently in *State v. Quaweay*, 799 A.2d 1016 (R.I. 2002), in which defendant challenged the Superior Court's denial of his Rule 35 motion, which had been filed within 120 days of the violation hearing justice's imposition of a prior suspended sentence. This Court ruled that the motion was time-barred because it was filed more than 120 days after the final judgment of conviction, which was the date that the original sentence was issued.[2] *Quaweay*, 799 A.2d at 1018.

appeal, or within one hundred and twenty (120) days after receipt by the court of a mandate or order of the Supreme Court of the United States issued upon affirmance or the judgment, dismissal of the appeal, or denial of a writ of certiorari. * * * The court may reduce a sentence, the execution of which has been suspended, upon revoca-

tion of probation." Super. R.Crim. P. 35(a).

2. It is well settled that a trial justice does not impose a new sentence after a probation revocation hearing, but rather executes the previously imposed sentence. *State v. Rice*, 727 A.2d 1229, 1231 (R.I.1999) (trial justice did not vacate initial sentence and impose new

In this case, the sentences at issue were imposed on May 3, 1995, and the judgments of conviction were entered on that day. The defendant was required to file a motion to reduce sentence within 120 days of that date. However, defendant filed a Rule 35 motion more than five years after judgment was entered on his conviction. Therefore, the trial justice correctly ruled that the court did not have jurisdiction to hear the Rule 35 motion because it was time-barred.

We further note that the trial justice hearing the violation proceedings is almost never the same justice who imposed the sentence in question. Rule 35 motions for reduction of sentence appropriately are heard by the original sentencing justice, not the justice presiding over the violation hearing.

For these reasons the appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of this case are remanded to the Superior Court.

sentence on defendant, but merely decreased the suspension time of his original sentence). Thus, a motion to reduce sentence must be filed within 120 days of the final judgment of conviction.