STATE

v.

Michael A. BALLARD.

No. 2003–140–C.A.

Supreme Court of Rhode Island.

Dec. 22, 2005.

Aaron L. Weisman, Providence, for plaintiff.

Janice M. Weisfeld, Providence, for defendant.

## O R D E R

The defendant, Michael A. Ballard (defendant), appeals from a Superior Court magistrate's determination that the defendant's motion to reduce sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure was not properly before the court. The defendant argues on appeal that his motion should be considered as a motion for reconsideration of his previous timely motion to reduce sentence, and that he deserves a further reduction of his criminal sentence. This case came before the Supreme Court for oral argument on December 12, 2005, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda of the parties, we are of the opinion that this appeal may be decided at this time without further briefing or argument. For the reasons set forth in this order, we affirm the judgment of the Superior Court.

This Court affirmed defendant's conviction in the Superior Court on one count of conspiracy to kidnap with intent to extort, two counts of kidnapping with intent to extort, one count of kidnapping, one count of committing a crime of violence when armed with a firearm, one count of carrying a pistol without a license, and three counts of assault with a dangerous weapon in *State v. Ballard,* 439 A.2d 1375, 1378 (R.I.1982) (*Ballard I*). The defendant then filed a timely motion to reduce sentence pursuant to Rule 35. The Superior Court motion justice reduced defendant's sentence from two life sentences plus an additional sixty-five years, all to run consecutively, to two consecutive life sentences, with the additional sixty-five years to run concurrently. On defendant's appeal, this Court further reduced that sentence to two life sentences and an additional sixty-five years, all to run concurrently. *State v. Ballard,* 699 A.2d 14, 15, 19 (R.I. 1997) (*Ballard II*).

Apparently dissatisfied with the leniency shown to him by both the Superior Court and this Court, defendant filed a *pro se* motion to reduce his sentence further on November 6, 2000, more than three years after this Court issued *Ballard II*. The magistrate, after discussing at length defendant's eligibility for parole to demonstrate to defendant that our holding in *Ballard II* was a meaningful reduction in his sentence, denied defendant's motion on the ground that it was not properly before the court.

Rule 35 provides, in pertinent part:

"The court may correct a sentence imposed in an illegal manner and it may reduce any sentence when a motion is filed within one hundred and twenty (120) days after the sentence is imposed, or within one hundred and twenty (120) days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal * * *."

Assuming *arguendo* for the purposes of this appeal that defendant could properly

make an additional motion to reduce sentence after this Court already has rendered an opinion with respect to an initial motion to reduce sentence, the clear language of Rule 35 is determinative in this instance. Regardless of whether defendant's motion is characterized as one for reconsideration of his previous motion to reduce sentence or as a second motion to reduce sentence, any Rule 35 motion must be made within 120 days of the "mandate of the Supreme Court of Rhode Island." *See also State v. Quaweay,* 799 A.2d 1016, 1018 (R.I.2002). Thus, defendant's motion is time-barred. Furthermore, we decline defendant's invitation to treat his motion

as timely because he filed his motion *pro se*.[1] *Cf. In re Ephraim L.,* 862 A.2d 196, 201 (R.I.2004) (holding that a *pro se* litigant failed to preserve issues for appellate review).

We hold that the magistrate properly denied the defendant's motion to reduce his sentence. The record shall be remanded to the Superior Court.

---

1. It is worthwhile to note that defendant, in the wake of *State v. Ballard,* 699 A.2d 14 (R.I.1997), did not petition this Court for reargument pursuant to Article I, Rule 25 of the Supreme Court Rules of Appellate Procedure. The defendant was represented by counsel during that appeal.