**STATE**

v.

**Daymon B. JONES.**

**No. 2007–169–C.A.**

Supreme Court of Rhode Island.

March 14, 2008.

———

Maureen Keough, Esq., Pawtucket, for State.

C. Daniel Schrock, Esq., for Defendant.

Present: GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

### OPINION

Justice SUTTELL, for the Court.

The defendant, Daymon B. Jones, appeals from a Superior Court order denying his motion to vacate sentence and his motion to reduce sentence. The defendant argues that he was sentenced twice for the same conduct in two separate probation-violation hearings. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided.

After hearing the arguments of counsel and examining the memoranda filed by the parties and the record of the proceedings below, we conclude that cause has not been shown and that the case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the order of the Superior Court.

## Facts and Procedural History

In 1997, Mr. Jones pled *nolo contendere* to two counts of second-degree sexual assault, one count of breaking and entering a dwelling, and one count of simple assault. He received a sentence of fifteen years suspended, with fifteen years probation. The record discloses that defendant is a frequent probation violator, primarily in connection with conduct involving domestic violence and assaultive behavior. He either has admitted or been found to have violated the condition of his probation on no less than seven occasions, the two most recent of which underlie this appeal. We recount, therefore the circumstances of only these two violations.

On June 22, 2004, the Attorney General filed a statement under Rule 32(f) of the Superior Court Rules of Criminal Procedure alleging that defendant violated the conditions of his probation for failure to report to probation and to notify his probation officer of a change in address. Mr. Jones admitted to this so-called technical violation on November 19, 2004, and sentencing was continued to December 3, 2004. In the interim, on November 24, 2004, defendant allegedly was involved in an incident that resulted in his being charged by the Newport Police Department with malicious mischief and assault and battery on the mother of two of his children.

On December 3, 2004, the scheduled date for sentencing on the technical violation, Mr. Jones failed to appear, and a warrant was issued for his arrest. On July 12, 2005, defendant was brought in on the warrant and presented to the Providence County Superior Court. He was held without bail, and the sentencing hearing was continued on several occasions until August 19, 2005, when Mr. Jones was ordered to serve ninety days of his then remaining suspended sentence. In the meantime, on July 26, 2005, Mr. Jones was presented as a probation violator in the Newport County Superior Court as a result of the criminal offenses arising out of the November 24, 2004 domestic incident. A revocation hearing concerning these allegations was held in Newport on September 6, 2005, at which time defendant purportedly admitted the violation and was ordered to serve an additional three years of his suspended sentence.[1]

On September 10, 2005, Mr. Jones, acting *pro se*, filed motions in Newport County to vacate or reduce the three-year sentence. The defendant argued, *inter alia*, that the three-year sentence imposed on September 6 was excessive, and also that it was illegal because the ninety-day sentence imposed on August 19, 2005, was based upon his conduct in the Newport incident, as well as upon the technical violation.[2]

---

1. The defendant did not provide a transcript of the September 6, 2005 hearing in conjunction with his appeal.

2. The defendant made several other legal arguments to the Superior Court in his motions to vacate or reduce sentence that are not relevant to this appeal. Mr. Jones's two contentions currently before this Court are: (1) the September 6, 2005 hearing justice imposed an illegal sentence because the same conduct was considered at the August 19, 2005 parole-violation hearing; and (2) the Superior Court should have reduced his sentence under Rule 35 of the Superior Court Rules of Criminal Procedure. We deem Mr. Jones's other arguments made to the Superior

The Superior Court held a hearing on defendant's motions on October 5, 2005, at which Mr. Jones was represented by counsel. The court heard from Mr. Jones's counsel and Mr. Jones himself, whom the hearing justice described as "clearly an intelligent individual." The hearing justice denied the motion to reduce sentence because, under Rule 35 of the Superior Court Rules of Criminal Procedure, motions to reduce sentence must be brought within 120 days of the initial sentencing or from remand after an appeal. Because the initial sentencing occurred in July 1997, the hearing justice concluded the court did not have jurisdiction to reduce the sentence. With respect to defendant's motion to vacate, the hearing justice determined that "any fair reading of the transcript of proceedings before [the August 19, 2005 hearing justice] necessarily causes one to conclude that [said hearing justice] in no way

resolved the violation relating to criminal conduct in Newport County, and he so stated that." The hearing justice also found that the three-year sentence imposed on September 6, 2005, was "a result of his altercation with a domestic partner" in Newport and not related to the technical violation. Accordingly, the Superior Court denied the motion to vacate sentence and entered an order to that effect on October 5, 2005. Mr. Jones filed a notice of appeal on October 6, 2005.[3]

## Discussion

Before this Court, Mr. Jones concedes that a motion to reduce sentence must be brought within 120 days after the sentence is imposed, as required by Rule 35(a).[4] The original sentence in this case was imposed in July 1997, and, as the Superior Court noted, the 120–day window long

Court to be waived. Article I, Rule 16(a) of the Supreme Court Rules of Appellate Procedure ("Errors not claimed, questions not raised and points not made ordinarily will be treated as waived and not be considered by the Court."); *see also Johnston v. Poulin,* 844 A.2d 707, 710 n. 3 (R.I.2004) ("Failure to argue an asserted error of the trial court in his legal brief constitutes a waiver of the alleged error.").

3. The defendant has continued to litigate after filing the notice of appeal on October 6, 2005. Since the appeal, Mr. Jones has filed several *pro se* motions that in various ways have attempted to reduce his sentence. Assisted by counsel, Mr. Jones also has objected to the delay in the transmission of the case file from the Superior Court to the Supreme Court. The reason for the delay is twofold. Firstly, one of the case files disappeared, which in turn required a reconstruction of the relevant documents. The Superior Court held a hearing in March 2007 to ensure that the reconstructed case file accurately reflected the original file, after which the hearing justice ordered the immediate transmission of the record to the Supreme Court. Secondly, defendant filed a petition for writ of mandamus before this Court in April 2007

objecting to the delay in the transmission of the file from the Superior Court. Mr. Jones's petition also asked this Court to reduce his sentence to ninety days. In a separate filing, assisted by counsel, Mr. Jones moved to have the October 6, 2005 appeal held in abeyance while this Court considered the writ of mandamus. We denied the petition for writ of mandamus on May 31, 2007. The defendant later filed a motion for bail pending the appeal, which we denied in September 2007.

4. Rule 35(a) provides in relevant part:

"The court may correct an illegal sentence at any time. The court may correct a sentence imposed in an illegal manner and it may reduce any sentence when a motion is filed within one hundred and twenty (120) days after the sentence is imposed, or within one hundred and twenty (120) days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred and twenty (120) days after receipt by the court of a mandate or order of the Supreme Court of the United States issued upon affirmance of the judgment, dismissal of the appeal, or denial of a writ of certiorari."

since had elapsed. Nevertheless, defendant argues that this Court should "extend" the 120–day period of Rule 35 on the basis of fairness and reduce his sentence to time served. In the alternative, Mr. Jones argues that his sentence is illegal, and he rightly points out that an illegal sentence may be corrected at any time. *See State v. Burke,* 876 A.2d 1109, 1114 (R.I.2005) ("an illegal sentence can be corrected at any time, but a court has a limited window in which to correct an illegally imposed sentence"); *see also* Rule 35.

■ We decline to extend Rule 35 as Mr. Jones suggests. With respect to motions to correct a sentence imposed in an illegal manner or to reduce any sentence, this Court long has adhered to the view that Rule 35's 120–day time limitation is "jurisdictional and may not be enlarged." *State v. Letourneau,* 446 A.2d 746, 748 (R.I.1982); *see also State v. Brown,* 821 A.2d 695, 696–97 (R.I.2003). Moreover, in cases when no appeal is filed, the 120–day clock begins to run upon entry of the final judgment of conviction, which in this case was July 1, 1997. *See Brown,* 821 A.2d at 696; *State v. Quaweay,* 799 A.2d 1016, 1018 (R.I.2002). Accordingly, the hearing justice correctly ruled that Mr. Jones's motion to reduce sentence was time-barred.

Mr. Jones's second argument alleges that the Superior Court imposed an illegal sentence at the September 6, 2005 probation-revocation hearing. The defendant argues that although he had admitted the technical violation on November 19, 2004, the case was treated on August 19, 2005 as if there had been no previous admission of violation. Mr. Jones contends that the hearing justice at the August 19 proceeding took into consideration both the technical violation *and* his conduct in Newport. The defendant alleges that he admitted to the probation violation only after his conduct in Newport was discussed at an off-the-record conference and then factored into the ninety-day sentence imposed on August 19. Mr. Jones argues, therefore, that the hearing justice at the September 6, 2005 proceeding imposed an illegal three-year sentence because he had been sentenced already for the same conduct on August 19.

The record, however, unambiguously contradicts defendant's assertion that the Superior Court considered the Newport incident at the August 19, 2005 hearing. The transcript of the hearing on that date is devoid of any mention of defendant's conduct in Newport until it was brought to the attention of the hearing justice by Mr. Jones's attorney and Mr. Jones himself. The following colloquy occurred between the Superior Court and the parties:

"[DEFENSE ATTORNEY]: My client's [*sic*] brought up the fact that there may be—this may be used as a violation of the case in Newport, and he doesn't wish that to be used that way. I'm aware of the case in Newport, and if my client wants to have a hearing * * *.

"THE DEFENDANT: What it is, your Honor, is that the technical, this technical came before the charges that I have in Newport. The Newport charge will be dismissed, but I don't want [the hearing justice in that case] to say, okay, you accepted 90 days here, and then automatically just violate me in Newport.

"THE COURT: Well, that's not before me this morning. I don't even have a Newport case before me.

" * * *

"THE DEFENDANT: The violation, this technical came before the charge in Newport.

"THE COURT: I understand what you're saying, but I don't have the New-

port case before me, nor do I control the Newport calendar. I'm quite sure if there's a problem, [your attorney] will handle it for you. If you want to withdraw the admission, I'll allow you to do that.

"[DEFENSE ATTORNEY]: Do you want to withdraw this admission?

"THE DEFENDANT: This came before. This was in November.

"[PROSECUTOR]: If this does predate the new charge in Newport, then it couldn't be used as the basis for the violation if what he's saying is true. It's just common sense to me.

"THE DEFENDANT: I just want to make sure. Thank you, your Honor.

"THE COURT: You're welcome."

It is apparent that the concern articulated to the hearing justice by defendant was that his admission to the technical violation might be used to violate him on the Newport charges. The defendant did not suggest, however, that the Newport charges had been factored into the ninety-day sentence, much less that he had accepted the ninety-day sentence in resolution of both the technical violation and the violation stemming from the Newport incident.

After carefully reviewing the transcript and record, we are satisfied that the hearing justice on August 19, 2005, did not consider the Newport allegations in ordering Mr. Jones to serve ninety days of his suspended sentence. We reject the defendant's contention that his conduct resulting in domestic assault and vandalism charges in Newport was used to violate him twice in two distinct revocation proceedings. Even if his assertion that the Newport charges were discussed at a conference with the hearing justice in Providence on August 19, 2005 were true, the on-the-record colloquy dispels any notion that the ninety-day sentence (which the defendant had accepted) was based in part upon the Newport incident. Further, and significantly, the hearing justice afforded Mr. Jones an opportunity to withdraw his admission.

### Conclusion

We are well satisfied, therefore, that the additional three years that were removed from Mr. Jones's suspended sentence at the September 6, 2005 revocation hearing did not constitute an illegal sentence. Accordingly, we affirm the order and remand the case to the Superior Court.

Chief Justice WILLIAMS did not participate.