STATE

v.

Leon STANSELL.

No. 2009–282–C.A.

Supreme Court of Rhode Island.

Sept. 23, 2011.

Aaron Weisman.

Jodi M. Gladstone.

## ORDER

This case came before the Supreme Court in conference pursuant to Article I, Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. After reviewing the record and the parties' pre-briefing statements, we proceed to decide the case at this time without further briefing or argument.

The defendant, Leon Stansell, was convicted by a jury on two counts of conspiracy to violate the Uniform Controlled Substances Act and was sentenced to concurrent terms of twenty years in prison, with ten years to serve, ten years suspended, and ten years probation. We affirmed the conviction in *State v. Stansell,* 909 A.2d 505 (R.I.2006). The defendant now appeals from a Superior Court order denying his motion to reduce sentence, arguing that he could not be convicted of two counts of conspiracy when his alleged coconspirator had pled *nolo contendere* to only one count of conspiracy.

Pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure, the defendant moved for a correction of his sentence on count 4 — conspiracy to possess marijuana with intent to distribute — arguing that he could not stand convicted of conspiracy because the codefendant, who cooperated with the police and testi-fied against the defendant at trial, pled to a single count of conspiracy whereas the jury returned a verdict against the defendant of two counts of conspiracy. However, on direct appeal, this issue was deemed waived because it was not raised at trial. *Stansell,* 909 A.2d at 510–11. Therefore, we are of the opinion that principles of *res judicata* bar the defendant from seeking to relitigate this issue. *Res judicata* or claim preclusion, "serves as an 'absolute bar to a second cause of action where there exists [an] identity of parties, identity of issues, and finality of judgment in an earlier action.'" *ElGabri v. Lekas,* 681 A.2d 271, 275 (R.I.1996) (quoting *Gaudreau v. Blasbalg,* 618 A.2d 1272, 1275 (R.I.1993)).

Furthermore, we are not convinced that Rule 35 is an appropriate vehicle for the relief defendant seeks. At bottom, the defendant is attacking his conviction on count 4 of the criminal information rather than the sentence imposed for that conviction. Such a challenge is not cognizable in the context of Rule 35. Accordingly, the only issue properly before the Court is an appeal from the denial of the motion to reduce sentence.

This Court has long held that a motion to reduce a sentence under Rule 35 is a plea for leniency. *State v. Ruffner,* 5 A.3d 864, 867 (R.I.2010). Additionally, we have "maintained a 'strong policy against interfering with a trial justice's discretion in sentencing matters,' and, therefore, we will only interfere with that discretion 'in rare instances when the trial justice has imposed a sentence that is without justification and is grossly disparate from other sentences generally imposed for similar offenses.'" *State v. Coleman,* 984 A.2d 650, 654 (R.I.2009) (quoting *State v. Rossi,* 771 A.2d 906, 908 (R.I.2001) (mem.)). Thus, "our review of a motion justice's ruling on a motion to correct pursuant to Rule 35 is limited." *Curtis v. State,* 996

A.2d 601, 603–04 (R.I.2010) (quoting *State v. Goncalves*, 941 A.2d 842, 847 (R.I.2008)). "It is the defendant's burden to show that the sentence imposed violates this standard." *Coleman*, 984 A.2d at 654 (quoting *State v. Ortega*, 755 A.2d 841, 841 (R.I. 2000) (mem.)).

On appeal, the defendant claims that "the sentence imposed was unduly severe and a shorter sentence would be more appropriate for the circumstances[.]" The trial justice disagreed and noted that minimum sentence for each count was twenty years at the Adult Correctional Institutions, which was the term imposed by the trial justice (the defendant was ordered to serve ten years on each count). The trial justice noted that the defendant's criminal career began in 1968 — when the defendant was twenty years old — and included seventeen contacts and significant prison time. Further, the defendant was on probation in connection with a ten year suspended sentence at the time of his arrest in this case. The trial justice concluded that there was no basis for a sentence reduction in this case. The defendant has failed to convince this Court that the decision denying the motion was erroneous.

Accordingly, and in light of this Court's limited review of the trial justice's ruling in this case, we conclude that the defendant has not met his burden of proof and has failed to demonstrate (1) that the sentence imposed in this case was without justification or is grossly disparate from other sentences imposed for similar offenses or (2) that the trial justice abused his discretion when he denied the motion to reduce sentence.

The defendant's appeal is denied and dismissed and the order appealed from is affirmed.