**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Barney HARPER, Jr., Defendant-Appellant.**

**No. 71–2586**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 10, 1972.

---

* ■ Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5, Cir., 1970, 431 F.2d 409, Part I.

Harold J. DeMetz, Gulfport, Miss., Court-appointed for defendant-appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange and Daniel E. Lynn, Asst. U. S. Attys., Jackson, Miss., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

On this post-conviction appeal from a refusal of the District Court to reduce defendant's 4½ year sentence for a Dyer Act violation, 18 U.S.C.A. § 2312, the Appellant asserts that the District Court improperly denied relief on the basis of two factors not supported by the record. We do not reach that problem. The petitioner was arraigned and tried be-fore one Judge who likewise acted on the post-conviction motion to reduce sentence. The difficulty is that after receipt of the jury verdict of guilty, petitioner was sentenced by a different Judge. It was this second Judge who concluded that 4½ years was a proper sentence. Without deciding, we can assume that transfer of the important function of sentencing the convicted defendant from the trial judge (who is otherwise available) to a colleague is proper, but this is a long way from saying that an *available* non-trying Judge having sentenced the accused, matters as equitable as an application for reduction of sentence can thereafter be sent back to the trying Judge who did not have anything to do with fixing the sentence.

In this case, the Judge who had tried the case, but had *not* been the sentencing Judge, passed upon the motion to reduce sentence and expressed two very specific (and attacked) bases for rejecting the request. The sentencing Judge's sole contact with the case was presumably through the presentence report.

Without undertaking to say whether it is legal error for a non-sentencing judge to pass upon a timely motion to reduce sentence, we hold under our supervisory power that the proper Judge to pass upon whether or not the sentence was too severe is the sentencing Judge. We therefore vacate the order denying a reduction of sentence and remand this case to the District Court for considered review *by the sentencing Judge*. To make certain that his decision in this case is made independent of and is not influenced by the prior conclusion of the trying Judge, the sentencing Judge should specifically set forth the reasons for his decision so as to provide this Court with a correct, albeit limited, basis for review of this highly important determination.

Vacated and remanded.