**UNITED STATES of America,**
**Plaintiff-Appellee,**
v.
**Joseph John FOURNIER,**
**Defendant-Appellant.**
No. 73-1482
**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.
July 24, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Joseph John Fournier, pro se.

Frank D. McCown, U. S. Atty., Richard H. Stephens, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

On August 26, 1971, Appellant Fournier pleaded guilty to a charge of knowingly transporting a weapon in interstate commerce in violation of 18 U.S.C. A. §§ 922(g)(1), 924(a). On September 17, 1971, the District Court sentenced Fournier to a term of three years in prison.

Although Fournier appealed neither his conviction nor his sentence, he did file a motion under F.R.Crim.P. 35 to correct an illegal sentence. His main contention was that it was a violation of Equal Protection for him to be charged under Section 922 when he could have been charged under 18 U.S. C.A. App. § 1202(a)(1) with a maximum punishment of two years. Initially, on May 11, 1972, the District Court was impressed with this argument and reduced his sentence to two years. On reconsideration at the urging of the Government, however, the District Court, on May 26, 1972, vacated its order of May 11, 1972. The Court vacated this order because, on the authority of United States v. Chakmakis, 5 Cir., 1971, 449 F.2d 315, the original three year sentence was legal. Therefore, the Court was without jurisdiction to entertain a Rule 35 motion. See F.R.Crim.P. 45(b); United States v. Granville, 5 Cir., 1972, 456 F.2d 1073. On appeal, we affirmed. United States v. Fournier, 5 Cir., 1972, 468 F.2d 952.

Fournier filed another Rule 35 motion on January 12, 1973. The District Court denied all relief and Fournier appeals. We affirm. Our prior opinion is the law of the case.

Affirmed.