**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Wallace L. HAMMER, Defendant-Appellant.**

**No. 74–1227
Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 3, 1974.

Wallace L. Hammer, pro se.

Richard D. Stephens, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Hammer appeals the district court's denial of his motion to reduce or modify sentence, filed pursuant to Rule 35, F. R.Cr.P. We vacate the judgment appealed from and remand with directions.

The appellant pleaded guilty to filing a false and fraudulent income tax return, in violation of 26 U.S.C. § 7201, and was sentenced on April 20, 1973 to serve a five-year sentence by District Judge Sarah T. Hughes. A notice of appeal was timely filed and the appeal docketed in this Court, but the appeal was dismissed on July 24, 1973 due to the appellant's failure to timely file a brief and the reproduced appendix.

During that time, the appellant was also convicted by a jury of securities violations and mail fraud, and was sentenced on July 13, 1973 to serve ten concurrent five-year sentences, to commence upon the expiration of his previously imposed sentence for income tax violations. He also received a sentence of five years to run consecutively to the other sentences, but that sentence was suspended and he was placed on probation for the duration thereof. An appeal from the judgment of conviction and sentencing in the latter case is presently pending in this Court.

On November 13, 1973, Hammer filed a *pro se* Rule 35 motion in connection with both of the criminal cases. The appellant appealed to the mercy of the court and requested that the five-year tax return fraud sentence and the sentence imposed in the securities and mail fraud case be made to run concurrently. It was denied on the date of its filing by District Judge W. M. Taylor, Jr.

Although the appellant lodged an appeal with respect to the denial in both cases, this Court now may only consider the denial of relief in the income tax case since the denial of relief in the other case has been made part of the appellant's pending criminal appeal therein.

This appeal presents two procedural problems, neither of which goes to the merits of the ruling below.

■ In the first place, there appears to be some question as to the timeliness of the filing of the motion to reduce sentence. Rule 35 permits a court to modify or reduce a legally-imposed sentence within 120 days of its imposition, within 120 days of the issuance of the mandate of the Court of Appeals' affirmance or dismissal of the appeal, or within 120 days of the order or judgment of the Supreme Court's action on the case. A trial court lacks the jurisdiction to entertain such a motion beyond that period. United States v. Mehrtens, 5th Cir. 1974, 494 F.2d 1172; United States v. Fournier, 5th Cir. 1973, 483 F.2d 68. While Hammer's motion was filed beyond 120 days of his sentencing, it was filed 112 days of this Court's dismissal of his appeal, and therefore the court had the authority to entertain it.

■ The second issue raised in the case *sub judice* is whether it was permissible for a district judge other than the sentencing judge to rule upon the

appellant's motion to reduce sentence, without any indication that the sentencing judge is unavailable to make the determination as to the modification of the sentence. As in United States v. Harper, 5th Cir. 1972, 460 F.2d 1024, we conclude that the district judge who accepted the appellant's guilty plea and sentenced him is the proper judge to adjudicate his Rule 35 motion.

Accordingly, and without any intimation as to the ultimate determination on the narrow discretionary issue presented by the pleadings, we vacate the judgment denying the appellant's Rule 35 motion, and remand the cause with instructions that it be adjudicated by the judge who sentenced him.

Vacated and remanded.