STATE

v.

**Mark SMITH.**

No. 95–493–C.A.

Supreme Court of Rhode Island.

May 30, 1996.

Annie Goldberg and Aaron Wesiman, Asst. Attorneys General, for Plaintiff.

William Corcoran O'Connell, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order directing both parties to appear and show cause why the issues raised by this appeal should not be summarily decided. The defendant, Mark Smith, appeals from a Superior Court order denying his motion to reduce his sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. The defendant pled guilty to the delivery of a controlled substance [1] and received a six-year suspended sentence with six years' probation.

After hearing oral argument and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that the issue raised by this appeal should be decided at this time.

█ The sole issue on appeal is whether the trial justice erred in ruling that a criminal defendant must first establish a change in circumstances in order to prevail on a motion to reduce his or her sentence. In denying defendant's motion, the trial justice stated:

"Mr. Smith, Rule 35 *only* permits me on a discretionary basis to consider a change in circumstances, and there's been no change in circumstances in your case. * * *

" * * * *

"[U]nless there's something else in the law that would permit me to make a change in the type of sentence I imposed on the 5th of December, I'm going to let it remain the same. Motion is denied." (Emphasis added.)

On appeal, defendant argues that the sentencing justice incorrectly believed that a change in the circumstances that prevailed at the time of the original sentencing was necessary before defendant's motion to reduce his sentence could be granted. Upon review of the decision of the sentencing justice, we are of the opinion that he unduly constricted the broad scope of his discretion in ruling on defendant's motion to reduce his sentence. Although a change in circumstances from those that existed as of the original sentencing date might be one reason to grant a motion to reduce the sentence, it is not the only possible reason to do so. Rather, if the sentencing justice, on reflection, decides for any reason that the original sentence was too severe, the motion may be granted. *See State v. Byrnes,* 456 A.2d 742, 744–45 (R.I. 1983).

In *Byrnes* this court discussed the role of the sentencing justice in ruling on a defendant's motion to reduce his or her sentence. We noted that a motion to reduce sentence under Rule 35 is essentially a plea for leniency. *Id.* at 744; *see also State v. Brigham,* 666 A.2d 405, 406 (R.I.1995); *State v. Tiernan,* 645 A.2d 482, 484 (R.I.1994). "It is addressed to the discretion of the court and may be granted if the court decides on reflection *or* on the basis of changed circumstances that the sentence originally imposed was, *for any reason,* unduly severe." (Emphasis added.) *Byrnes,* 456 A.2d at 744–45.

█ In passing on a defendant's motion to reduce, the sentence is assumed valid. "[T]he court is simply asked to reconsider its prior determination. *No new facts in mitigation need be presented to the court,* although such information obviously will strengthen the motion." (Emphasis added.) *Id.* at 745. The rationale for such a motion, we stated, is the possibility that with the passage of time, the defendant may find the sentencing justice "in a more sympathetic or receptive frame of mind." *Id.* at 745 (quoting 8A Moore, *Federal Practice* ¶ 35.02 at 35–4, –5 (2d ed. 1982)).

█ In spite of the sentencing justice's erroneous belief that he was bound to deny a

---

1. The controlled substance was marijuana.

sentence reduction motion absent changed circumstances, the state requests that we sustain the ruling on the grounds that the justice below clearly indicated that he was satisfied with the original sentence imposed and would feel uncomfortable in reducing defendant's sentence further. Moreover, the state reminds us that we are loathe to interfere with a trial justice's discretionary resolution of a Rule 35 motion except "in the rarest of cases" when the sentence is without justification. *Tiernan,* 645 A.2d at 484; *see also State v. Giorgi,* 121 R.I. 280, 282, 397 A.2d 898, 899 (1979).

However, this accurate statement of our practice presumes that the sentencing justice has properly apprehended the wide latitude he or she is given in passing on such a motion. Here, for the reasons previously stated, no such presumption is warranted.

Accordingly, the defendant's appeal is sustained and the order and judgment appealed from is vacated. The case is remanded to the Superior Court for a new hearing on the motion to provide the sentencing justice an opportunity to exercise the full breadth of his discretion in passing on the defendant's motion to reduce the original sentence, as would be consistent with this opinion and with Rule 35. Of course, we intimate no suggestion here concerning whether there should be any different result after the sentencing justice reconsiders the underlying motion to determine whether, for any reason, this defendant's original sentence was too severe.