STATE

v.

Dennis MILLER.

No. 96–543–C.A.

Supreme Court of Rhode Island.

May 21, 1997.

Aaron Weisman, Providence.

Lise J. Gescheidt, Providence.

### ORDER

The defendant, Dennis Miller (Miller), appeals from the denial of his motion to reduce his sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. We ordered the parties to appear before us to show cause why this appeal should not be summarily decided. After considering their arguments and legal memoranda, we conclude that cause has not been shown and that the appeal can be decided at this time.

In 1995 Miller entered into a plea bargain whereby he agreed to plead no contest to four of the seven robbery-related counts pending against him. As a result of the plea bargain, the court dismissed three counts pending against him and sentenced him to a total of thirty years: ten to serve and the remainder of which the court suspended with probation to begin upon his release.

A little over three months later, Miller filed a motion to reduce his sentence. That motion was heard by a different justice because the original sentencing justice had been appointed to this court in the interim. In denying Miller's motion, the motion justice stated:

"Mr. Miller * * * agreed upon the disposition that was meted out in this case. It was a negotiated disposition. Mr. Miller knew exactly what he was going to get, the Attorney General knew exactly what the Court was going to impose, and the victim knew exactly what the sentence was going to be. Because this was a negotiated disposition, this Court does not feel that it should reduce [Miller's] sentence."

We do not interpret this comment to indicate that the motion justice believed that Miller's plea bargain rendered him ineligible to have his sentence reduced. Although a defendant's agreement to a plea bargain does not preclude him or her from later filing a motion to reduce the sentence, *see State v. Smith,* 676 A.2d 765 (R.I.1996), it is certainly proper for motion justices to accord this factor considerable significance in deciding whether to exercise their discretion to grant the motion. We believe the motion justice cannot be faulted for stating that he did not feel he should reduce Miller's sentence when Miller had recently agreed to the very sentence that he was seeking to reduce. Although changed circumstances are not needed before a motion justice can favorably exercise his or her discretion to reduce a sentence, *id.* at 766 ("[t]he rationale for such a motion * * * is the possibility that with the passage of time, the defendant may find the sentencing justice 'in a more sympathetic or receptive frame of mind' "), the absence of changed circumstances or other reasons that might indicate why the original sentence was too severe—together with Miller's recent agreement to a plea bargain—are all proper factors for the motion justice to rely upon in deciding whether to exercise his or her discretion in granting the requested relief.

For these reasons we do not believe that the motion justice abused his broad authority in denying Miller's motion to reduce his sentence. Accordingly we deny and dismiss his appeal.

BOURCIER, J., did not participate.