STATE

v.

Bryant BROWN.

No. 2004–23–M.P.

Supreme Court of Rhode Island.

Jan. 11, 2005.

Michael Grant, Pawtucket.

Paula Lynch.

## AMENDED ORDER

This matter came before the Supreme Court for oral argument on December 7, 2004, pursuant to an order granting a writ of certiorari and directing the parties to appear and show cause why the issue raised in this appeal should not be summarily decided. After hearing the arguments and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this case should be summarily decided.

The defendant is presently serving a sentence at the Adult Correctional Institutions pursuant to judgments of conviction that have been affirmed by this Court. *State v. Brown*, 748 A.2d 244 (R.I.2000). He now seeks review of the Superior Court's May 2, 2002 "Memorandum Or-

der"[1] denying defendant's *pro se* motion to reduce sentence. *See* Rule 35 of the Superior Court Rules of Criminal Procedure.

The motion justice, after reviewing the file but without conducting a hearing,[2] ruled that the Superior Court lacked jurisdiction to entertain the motion on the ground that, in his opinion, it had been received more than 120 days after defendant had been advised (on or about April 13, 2000) of this Court's affirmance of the judgments of conviction in his case.[3] The defendant insists, however, that, even though he was incarcerated at that time, he timely filed a Rule 35 motion (along with several others) on April 21, 2000.

We have carefully examined the record, and it is clear to us that the defendant's Rule 35 motion was actually made within the 120 day period specified in the Rule. (We would add that more precise docketing entries would have been of great assistance.)

Therefore, we quash the "Memorandum Order" and remand the case to the Superior Court for a prompt hearing on the defendant's long-pending Rule 35 motion.

---

1. "Memorandum Order" is not a recognized title for a judicially authored document in our state court practice, and we discourage innovations in nomenclature of this sort.

2. Although Rule 35 of the Superior Court Rules of Criminal Procedure does not explicitly afford the movant a right to a hearing, we are of the opinion that a hearing should be held with respect to such motions absent truly exceptional considerations. It is surely unnecessary for us to elaborate upon the crucial importance of the right to a hearing in most situations where significant liberty or proper-

ty interests are involved. *See generally* Henry J. Friendly, *"Some Kind of Hearing,"* 123 U. Pa. L. Rev. 1267 (1975).

3. Rule 35(a) states in pertinent part: "The court may * * * reduce any sentence when a motion is filed within one hundred and twenty (120) days after the sentence is imposed, or within one hundred and twenty (120) days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment * * *." *See State v. Letourneau,* 446 A.2d 746, 747 (R.I.1982).