## STATE

### v.

## Parrish CHASE.

### No. 2007–234–C.A.

Supreme Court of Rhode Island.

Oct. 14, 2008.

Aaron Weisman, Providence.

Parrish Chase.

### O R D E R

The defendant, Parrish Chase (defendant), appeals from a Superior Court order denying his motion for a sentence reduction. This case came before the Supreme Court for oral argument on September 24, 2008, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the record and memoranda filed by the parties, we are of the opinion that this appeal may be decided at this time without further briefing or argument. For the rea-

sons hereinafter set forth, we vacate the motion justice's order and remand this case to the Superior Court for a hearing and reconsideration of the motion.

After a felony complaint was filed on July 27, 2000, a grand jury indicted defendant on two counts of first-degree murder on October 17, 2000. The defendant was arraigned and pled not guilty to both counts in the Superior Court on November 1, 2000. Pursuant to a plea agreement with the State of Rhode Island, defendant subsequently pled guilty to two amended counts of manslaughter on September 30, 2004. Consistent with the terms of the plea agreement, the motion justice sentenced defendant to two consecutive thirty-year sentences. The defendant was required to serve thirty years at the Adult Correctional Institutions with the remaining thirty years of the sentence suspended with probation. The sentence was applied retroactively to July 27, 2000.

On January 27, 2005, defendant filed a timely *pro se* motion to reduce his sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. The Rule 35 motion did not set forth any grounds for relief, but indicated that defendant would present such grounds during oral argument. In a cover letter that accompanied the motion, defendant stated that he was not requesting a *habeas corpus* order or calendar date at that time but would do so in the future.

On April 15, 2005, the motion justice entered an order instructing defendant to file a memorandum on or before May 10, 2005, setting forth any and all grounds in support of his motion for sentence reduction. The defendant filed such a memorandum on May 9, 2005, asserting several grounds in support of his motion. On May 19, 2005, defendant also filed several *pro se* motions related to his Rule 35 motion, including, *inter alia,* a motion to assign a

hearing date, a petition for a writ of *habeas corpus,* a motion to appoint counsel with an accompanying affidavit of indigency, and a motion for an evidentiary hearing. There is no evidence in the docket or record that the motion justice ruled on these motions.

However, the motion justice did issue an order denying defendant's Rule 35 motion on June 17, 2005. The criminal case action report from June 17, 2005, indicates that the Rule 35 motion was scheduled, that defendant did not appear, and that the motion justice summarily denied the motion. Despite defendant's request, he never received a hearing.

On July 7, 2005, defendant filed a notice of appeal. He also filed a motion to reconsider on August 10, 2005; in that motion for reconsideration, he cited as one ground the Superior Court's failure to have afforded him a hearing on his original motion. Once again acting without a hearing, the motion justice denied defendant's motion for reconsideration through an order entered on September 21, 2005.

This Court recently addressed the issue of a Rule 35 movant's right to a hearing in *State v. Brown,* 865 A.2d 334, 334 (R.I. 2005) (mem.). In *Brown,* we quashed an order denying a Rule 35 motion where the motion justice erroneously found that the motion was not timely filed. *Brown,* 865 A.2d at 334. We also noted, however, that the motion justice had failed to afford the movant a hearing. *Id.* We explained that, although Rule 35 does not explicitly afford the movant a right to a hearing, "a hearing should be held with respect to such motions absent truly exceptional considerations." *Brown,* 865 A.2d at 334 n. 2. The "crucial importance of the right to a hearing in most situations where significant liberty or property interests are involved" guided our opinion in *Brown. Id.* We remanded *Brown* for a "prompt hearing"

on the Rule 35 motion. *Brown,* 865 A.2d at 334.

The state contends that our discussion in *Brown* of a Rule 35 movant's right to a hearing is merely *dicta* and thus not binding on the case at hand. The hearing requirement we articulated in *Brown* is not *dicta.* Were it *dicta,* we simply would have remanded *Brown* and left the issue of whether to hold a hearing entirely to the motion justice's discretion. Instead, we remanded *Brown* with explicit instructions that the motion justice hold a "prompt hearing." *Brown,* 865 A.2d at 334. Furthermore, we would not articulate a requirement in such strong language with such limited exceptions if we did not intend it to apply to future cases.

We are mindful that this Court previously has noted that the decision to hold a hearing is "within the discretion of the sentencing court." *State v. Collins,* 714 A.2d 610, 611 (R.I.1998) (mem.) (citing *State v. Byrnes,* 456 A.2d 742, 745 (R.I. 1983)). *Brown* is not inconsistent with *Collins* and *Byrnes.* The motion justice has discretion in determining whether there are truly exceptional considerations that excuse him or her from providing the movant with a hearing. He or she must, however, articulate those considerations.

In the instant case, defendant's various *pro se* motions filed on May 19, 2005, demonstrate that he requested a hearing in conjunction with his Rule 35 motion. The motion justice did not articulate, and the record does not reveal, any "truly exceptional considerations" that would have excused him from providing defendant with a hearing.

For the foregoing reasons, we vacate the motion justice's order denying the defendant's Rule 35 motion and remand the case to the Superior Court for a hearing and reconsideration of the motion.

The defendant also filed a motion with this Court challenging the constitutionality of the state manslaughter statute, G.L. 1956 § 11–23–3. Because we vacate and remand on procedural grounds, we need not address the defendant's constitutional arguments. Nevertheless, we have held that "[i]t is well settled in this jurisdiction that a defendant in a criminal case cannot challenge the constitutionality of a statute in this [C]ourt unless he has first raised the issue on the record before the trial court with particularity and clarity." *State v. Jeremiah,* 546 A.2d 183, 188 (R.I.1988) (citing *State v. Lerner,* 112 R.I. 62, 81, 308 A.2d 324, 337 (1973)). There is no evidence in the record that the defendant raised the issue of the constitutionality of the manslaughter statute before the motion justice. Accordingly, in light of our well-settled raise-or-waive rule, we are not disposed to consider the defendant's constitutional argument.