**STATE**

v.

**Jeffrey ALSTON, a/k/a Kam Ausar.**

**No. 2012–200–C.A.**

Supreme Court of Rhode Island.

Jan. 9, 2014.

Christopher R. Bush.

Jeffrey Alston, a/k/a Kam Ausar, Pro Se.

**ORDER**

The defendant, Jeffrey Alston [1] (defendant or Alston), appeals from the Superior Court's denial of his motion for a sentence reduction. This case came before the Supreme Court for oral argument on December 4, 2013, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' arguments and memoranda, we are of the opinion that this appeal may be decided at this time without further argument or briefing. For the reasons set forth in this order, we vacate the judgment of the Superior Court and remand for further proceedings.

The travel of this case has spanned over a decade. *See State v. Alston*, 900 A.2d 1212 (R.I.2006) (*Alston I*) and *State v. Alston*, 47 A.3d 234 (R.I.2012) (*Alston II*).

The following brief history contains only those facts relevant to the instant appeal.

On July 9, 2003, a Kent County Superior Court jury convicted defendant of breaking and entering, conspiring to break and enter, and assault with a dangerous weapon.[2] The trial justice sentenced defendant to a total of seventeen years to serve. After defendant appealed to this Court, we vacated his convictions and remanded the case for a new trial. *See Alston I*, 900 A.2d at 1221. A second jury convicted defendant on April 7, 2008 of the same three counts. A different Superior Court justice presided over defendant's second trial. The second trial justice sentenced defendant on August 22, 2008 to a total of forty years to serve. Alston, through counsel, appealed from his second conviction.

Shortly after defendant filed the notice of appeal from his second conviction but before that appeal was docketed, he sent a handwritten letter dated August 27, 2008 to the second trial justice. With the letter, defendant enclosed a *pro se* motion in which he sought "to preserve his rights pursuant to Rule [ ]35 of the Rhode Island Superior Court Rules of Criminal Procedure." The following handwritten notation appears on the bottom of defendant's letter:

"Relief is denied. This Court imposed the maximum sentence authorized by law. This was a case which warranted a habitual offender enhancement which was not pursued by the state. No hearing. See Rule 43."

1. The defendant legally changed his name to "Kam Ausar." He agreed, however, to the use of his birth name, Jeffrey Alston, at trial. In addition, the indictment and two prior opinions of this Court use defendant's birth name. Accordingly, we refer to him here as Jeffrey Alston.

2. The defendant was also convicted of a fourth count, assault and battery with serious injury resulting. Sometime before sentencing, however, the trial justice dismissed this count on the grounds that it was duplicative of the third count, assault with a dangerous weapon. On remand, defendant was tried on only the first three counts.

The second trial justice's signature and stamp appears below the note. This handwritten denial is the subject of the instant appeal.

On June 22, 2012, this Court affirmed defendant's second conviction. *See Alston II,* 47 A.3d at 251. In that opinion, we ordered that the instant appeal be docketed separately from Alston's appeal of his conviction. *See id.* at 241 n. 13. Thereafter, on October 3, 2012, while the instant appeal was still pending, defendant filed another motion to reduce his sentence under Rule 35 of the Superior Court Rules of Criminal Procedure. On February 28, 2013, a third Superior Court justice denied defendant's second Rule 35 motion.

The defendant's sole contention in this appeal is that the second trial justice deprived him of his right to a hearing on his motion for a sentence reduction. Rule 35 is silent on a movant's right to a hearing. Nonetheless, we have stressed the "importance of the right to a hearing in most situations where significant liberty * * * interests are involved." *State v. Brown,* 865 A.2d 334, 334 n. 2 (R.I.2005) (mem.). We have therefore instructed on more than one occasion that, "although Rule 35 does not explicitly afford the movant a right to a hearing, 'a hearing should be held with respect to such motions absent truly exceptional considerations.'" *State v. Chase,* 958 A.2d 147, 148 (R.I.2008) (mem.) (quoting *Brown,* 865 A.2d at 334 n. 2). Nothing in the second trial justice's handwritten note suggests that there were truly exceptional considerations justifying his decision to forgo a hearing on defendant's motion. Thus, the second trial justice erred when he denied defendant's Rule 35 motion without affording defendant a hearing.

The state argues, however, that the issue of defendant's right to a hearing is moot because defendant received a hearing on his second Rule 35 motion. Indeed, defendant acknowledged at oral argument that he received a full and fair hearing on his second motion. In light of this acknowledgement, we would ordinarily agree with the state's assertion that this issue is moot. The travel of this case, however, has been anything but ordinary; and, for procedural reasons, we must disagree with the state.

Even though the third trial justice rightfully afforded the defendant the hearing to which he was entitled, we are constrained to conclude that the third justice lacked jurisdiction to entertain the defendant's motion at that time. Due to our express direction in *Alston II* that the instant appeal be docketed separately, the papers and jurisdiction remained with this Court following our affirmation of Alston's second conviction. Consequently, jurisdiction never returned to the Superior Court. Since the Superior Court was not vested with jurisdiction at the time that the third trial justice heard Alston's second Rule 35 motion, that hearing cannot properly be said to have rendered the instant appeal moot.

Accordingly, the second trial justice's failure to afford the defendant a hearing requires us to vacate the judgment denying the defendant's first Rule 35 motion. This matter is remanded to the Superior Court with the instruction to hold a hearing on the defendant's motion to reduce his sentence.