July 2, 2025

**Supreme Court**

No. 2024-48-C.A.
(P1/15-3840AG)

State                           :

    v.                          :

Andrew McLean.                  :

NOTICE:  This opinion is subject to formal revision
before publication in the Rhode Island Reporter.  Readers
are requested to notify the Opinion Analyst, Supreme
Court of Rhode Island, 250 Benefit Street, Providence,
Rhode Island 02903, at Telephone (401) 222-3258 or
Email opinionanalyst@courts.ri.gov, of any typographical
or other formal errors in order that corrections may be
made before the opinion is published.

|            |   |
|------------|---|
| State      | : |
| v.         | : |
| Andrew McLean. | : |

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**  The defendant, Andrew McLean, who is self-represented, appeals to this Court from a Superior Court order that denied his motion filed pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure seeking to reduce his sentence.  On appeal, the defendant contends that the trial justice erred by failing to recuse himself from ruling on the Rule 35 motion and also erred by denying the defendant's Rule 35 motion itself.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the written and oral submissions of the parties and after carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.

For the reasons set forth herein, we affirm the order of the Superior Court.

- 1 -

# I

## Facts and Travel

On November 24, 2015, defendant was indicted by a grand jury on charges of first-degree robbery, conspiracy, discharging a firearm during a crime of violence, assault with a dangerous weapon, and two charges of possessing pistols without licenses.

Eventually, defendant and the state reached agreement as to what the "cap" on defendant's eventual sentence would be if he were to plead guilty to the charges of first-degree robbery, conspiracy, discharging a firearm during a crime of violence, assault with a dangerous weapon, and possessing a pistol without a license. Pursuant to that agreement, there would be a maximum sentence of eighty years with fifty years to serve, twenty of which would be "nonparolable," and a thirty-year suspended sentence.

Thereafter, defendant did plead guilty to those charges, as is reflected on a form entitled "Request to Enter Plea of Nolo Contendere or Guilty." The trial justice had voiced no objection to the above-referenced agreement between defendant and the state; and, on June 10, 2019, he signed an order accepting defendant's plea of guilty to the charges specified in the preceding paragraph. On August 1, 2019, the trial justice entered a judgment of conviction and sentenced defendant to a term of twenty years; a concurrent term of ten years; a consecutive term of twenty years, to

be served without the possibility of parole; a consecutive suspended sentence of twenty years; and a concurrent suspended sentence of ten years.

On November 5, 2019, defendant, through counsel, filed a motion to reduce his sentence pursuant to Rule 35. The state filed a timely objection to that motion, asserting that defendant had forfeited his right to file a Rule 35 motion at the time of his guilty plea.[1] On February 10, 2020, defendant's motion was heard by the same justice as had entered defendant's guilty plea and sentenced him. At that hearing, defendant contended that, at the time of sentencing, the justice had "misconceived what was material evidence" and had "made adverse inferences against [him]." The defendant further contended that the trial justice "failed to consider mitigating factors," namely defendant's diminished mental capacity and his role in the underlying crimes.

In addition to arguing that defendant had waived his right to file a Rule 35 motion, the state also contended that the agreed-upon facts were summarized by the trial justice at the sentencing hearing. The state also argued that, at the time of

---

[1]    We have decided in this instance to address defendant's substantive contentions set forth in his motion filed pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure in spite of the fact that, as a condition of his written plea agreement, he agreed not to file a Rule 35 motion. *See State v. Roman*, — A.3d —, — (R.I. 2025), No. 2024-78-C.A., 2025 WL 1646116, at *4 (R.I. June 11, 2025). ("This Court does not view the fact that the defendant placed a checkmark next to that particular provision on the plea form as dispositive of the issue presented in this case.").

sentencing, the trial justice had properly considered any mitigating circumstances and "went through each [sentencing] factor and determined an appropriate sentence."

The trial justice noted that a defendant seeking a reduction of his or her sentence "shoulders a heavy burden to persuade the trial court to decrease a sentence." (Internal quotation marks omitted.) He went on to state that defendant's "suggestion that I misconceived or overlooked all manner of evidence favorable to [defendant] is entirely misplaced, without even a patina of plausibility." Ultimately, the trial justice found that there were "insufficient grounds for relief," and he denied defendant's Rule 35 motion. An order to that effect was entered on January 25, 2024, and defendant filed a timely notice of appeal.

## II

## Issues on Appeal

The first issue to be addressed is defendant's contention that the trial justice should have recused himself from hearing defendant's Rule 35 motion. The second issue is defendant's challenge to the denial of the Rule 35 motion itself; he contends that, in sentencing him, the trial justice "materially misconceived evidence, failed to properly consider sentencing factors, and did not properly consider the mitigating substance of the [defendant]'s competency."

## III

## The Recusal Issue

It is well established that "judicial officers are duty-bound to recuse themselves if they are unable to render a fair or an impartial decision in a particular case." *Ryan v. Roman Catholic Bishop of Providence*, 941 A.2d 174, 185 (R.I. 2008) (internal quotation marks omitted); *see also Kelly v. Rhode Island Public Transit Authority*, 740 A.2d 1243, 1246 (R.I. 1999). "At the same time, * * * justices have an equally great obligation **not** to disqualify themselves when there is no sound reason to do so." *Ryan*, 941 A.2d at 185 (emphasis in original). In order to demonstrate that recusal is called for, a party "must establish affirmatively that the trial justice had personal bias or prejudice by reason of a preconceived or settled opinion of a character calculated to impair his impartiality seriously and to sway his judgment." *Cavanagh v. Cavanagh*, 118 R.I. 608, 621, 375 A.2d 911, 917 (1977).

On appeal, defendant contends that the trial justice should have recused himself from hearing his Rule 35 motion to reduce his sentence. He contends that the trial justice "materially misconceived evidence" and that he "failed to properly consider sentencing factors." It is defendant's contention that the trial justice lacked impartiality due to the justice's previous interactions with him. He contends that the trial justice had previously made adverse comments about him and that the trial justice had "laid * * * the ground work to deny the * * * Rule 35 motion * * *." The

defendant specifically points to comments made by the trial justice at the time of his guilty plea. At that time, the trial justice stated that he wanted to ensure that defendant understood that he was pleading guilty to the charges that were read at the hearing. The trial justice stated as follows:

> "I'm certainly not going to take a plea when you are actually secretly harboring unto yourself and saying to yourself, ['y]ou know what, I'll go through this charade, but six months from now or a year from now or some other time in the future, if I don't like the sentence that [the trial justice] gives me, I'm going to say I didn't understand a thing that was going on[.'] * * * If that's what's going on in your mind, we're not going to make any headway at all."

The state asserts that defendant "offers no support for his apparent contention that a Superior Court justice who takes a defendant's plea is obligated to *sua sponte* recuse upon receipt of a motion to reduce sentence." It contends that defendant's argument that the trial justice had "predetermined the outcome of the [Rule 35] motion" was meritless and that the trial justice "had done exactly what was required of him in accepting [defendant]'s plea."

We understand the above-referenced comments by the trial justice to represent his effort to ensure that defendant understood the conditions of his guilty plea. Although defendant argues that those comments are of a nature that would require recusal on the part of the trial justice, we fail to see any impropriety in the trial justice's statements made when he accepted defendant's plea and when he sentenced

- 6 -

him. It should further be noted that that trial justice ultimately sentenced defendant to a term of imprisonment that was less than the maximum sentence that could have been imposed in light of the crimes to which he pled guilty. Upon our review of the record and these statements, it is our opinion that the trial justice did not demonstrate prejudice or a personal bias against defendant and that his decision not to recuse himself from hearing defendant's Rule 35 motion was proper. *See Mattatall v. State*, 947 A.2d 896, 903 (R.I. 2008); *Cavanagh*, 118 R.I. at 621, 375 A.2d at 917.

## IV

## The Rule 35 Issue

With respect to Rule 35 motions, "[t]his Court follows a strong policy against interfering with a trial justice's discretion in sentencing matters." *State v. Davis*, 295 A.3d 65, 67 (R.I. 2023) (quoting *State v. Mattatall*, 219 A.3d 1288, 1292-93 (R.I. 2019)). It follows that "this Court's review of a trial justice's decision on a Rule 35 motion is extremely limited." *Mattatall*, 219 A.3d at 1293 (internal quotation marks omitted). Such a "motion is addressed to the sound discretion of the trial justice, who may grant it if he or she decides on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe." *State v. Ruffner*, 5 A.3d 864, 867 (R.I. 2010) (quoting *State v. Mendoza*, 958 A.2d 1159, 1161 (R.I. 2008)).

The defendant contends that the trial justice erred in denying his Rule 35 motion. It is his contention that the trial justice misconceived material evidence relative to his diminished mental capacity and his role in the underlying crimes. The defendant submits that this resulted in the trial justice's imposition of a harsher sentence than was appropriate under the facts of this case.

For its part, the state contends that defendant "entered a knowing, intelligent, and voluntary guilty plea," and it notes that "[h]e admitted that the * * * facts were true and [that he] understood the potential sentence." The state further contends that the trial justice appropriately weighed the evidence and mitigating factors when sentencing defendant to a term of imprisonment that was less than the "cap" on the sentence which was agreed to in defendant's guilty plea.

This Court has stated that a Rule 35 motion is "essentially a plea for leniency." *State v. Farooq*, 115 A.3d 961, 964 (R.I. 2015) (mem.) (quoting *Ruffner*, 5 A.3d at 867).[2] While a trial justice must "consider[] a number of factors when determining a fair sentence," it is within his or her discretion to assess if any of those factors warrant a reduction in a defendant's sentence. *Ruffner*, 5 A.3d at 867; *see Davis*, 295 A.3d at 67. We are "loath[] to interfere with a trial justice's discretionary resolution of a Rule 35 motion except in the rarest of cases when the sentence is without

---

[2]    Pursuant to Rule 35, the court may correct or reduce (1) an illegal sentence; (2) a sentence imposed in an illegal manner; and (3) any sentence when a motion is filed within 120 days after the sentence is imposed.

- 8 -

justification." *Mendoza*, 958 A.2d at 1162 (quoting *State v. Smith*, 676 A.2d 765, 767 (R.I. 1996)).

In the case at bar, the defendant was sentenced to less than the statutory maximum for the crimes to which he pled guilty, and his sentence was below the sentencing cap that he agreed to when submitting his guilty plea. *See State v. Chase*, 9 A.3d 1248, 1255 (R.I. 2010) (holding that the trial justice did not err in his denial of a defendant's Rule 35 motion where the defendant had been sentenced "in accord with a plea bargain"). It is noteworthy that the trial justice stated at the Rule 35 hearing that he had "painstakingly reviewed every document, every report, and every medical and psychiatric study related to [defendant]" and that he considered all of those factors when sentencing the defendant. Upon careful review of the trial justice's decision denying the defendant's Rule 35 motion, we perceive no abuse of discretion on the part of the trial justice.

## V

## Conclusion

For the reasons set forth herein, we affirm the order of the Superior Court. The record may be returned to that tribunal.

**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. Andrew McLean. |
| **Case Number** | No. 2024-48-C.A.<br>(P1/15-3840AG) |
| **Date Opinion Filed** | July 2, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Robert D. Krause |
| **Attorney(s) on Appeal** | For State:<br><br>Brendan P. Sullivan<br>Department of Attorney General<br>For Defendant:<br><br>Andrew McLean, *pro se* |